14758

MURRAY v. MARTIN *ET AL.*

(199 S. E., 301)

*Mr. W. G. Sirrine,* for appellant,

*Mr. Dakyns B. Stover,* for respondent.

October 27, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

Action by the guardian *ad litem* of William Murray, an infant twenty years old, hereafter referred to as respondent, against W. B. Martin and one 1934 Chevrolet coach automobile, hereafter referred to as appellant, for personal injuries. On February 17, 1938, respondent was riding a bicycle in the City of Greenville, east on Buncombe Street. Appellant was travelling west on Buncombe Street, and as he turned to his left to enter, and as about to enter Echols Street the automobile and bicycle collided, causing shock and bruises to respondent, and loss of time from work of about three weeks. The specifications of negligence set out in the complaint are as follows:

(1) In driving and operating said automobile on a public street in the City of Greenville without having same under proper control, and without keeping on a proper lookout;

(2) In driving and operating said automobile on the left and wrong side of the street;

(3) In turning or attempting to turn the corner on the left side of the street instead of turning around the center of the intersection, in violation of the ordinances of the City of Greenville;

(4) In negligently and recklessly running into and against plaintiff.

At the conclusion of respondent's testimony, appellant made a motion, which was refused, for a nonsuit upon the following grounds:

1. No actionable negligence was proven.

2. The acts of negligence alleged in the complaint were not proven.

3. If there were any negligence by defendant, the plaintiff was guilty of contributory negligence.

At the conclusion of all the testimony the defendant moved for a directed verdict upon the same grounds as set out above. This motion was likewise refused, and a verdict was rendered in favor of respondent for $200.00.

Appellant moved for a new trial upon the grounds: (1) That the Court erred in refusing a nonsuit; (2) erred in not directing a verdict; and (3) the verdict was contrary to the law and the evidence. This motion was refused.

Appellant's exceptions allege error in refusing the nonsuit, for that (a) "there is no evidence that the conduct or any act of respondent (appellant?) comes within the legal definition of negligence," (b) "there is no testimony whatever to sustain either of the four specifications of negligence," and (c) "that if there were any negligence proven nevertheless respondent was guilty of contributory negligence." "Error in refusing to direct a verdict upon the grounds that the respondent did not prove actionable negligence, nor prove any of the specifications of negligence, but on the contrary was himself guilty of contributory negligence." Error in refusing to grant a new trial on the identical grounds on which the motions for nonsuit and directed verdict were made.

It will not be necessary to separately discuss the exceptions alleging error in refusing the motions for a nonsuit and for directed verdict.

The questions confronting the Court in this appeal are almost entirely ones of fact governed by well-charted law as laid down by former decisions. In passing upon the motions for nonsuit and directed verdict all of the testimony must be construed most strongly in favor of the plaintiff (respondent), and if more than one reasonable inference may be drawn therefrom, and a reasonable inference tends to establish any of the specifications of negligence alleged in the complaint, as the proximate cause of the injuries to respondent; and where contributory negligence is pleaded as in this case, if there is a reasonable dispute as to inferences to be drawn from the testimony, there is thus presented issues of fact for the jury, and the trial Judge cannot grant a nonsuit or direct a verdict.

The facts of this case, stated most strongly in favor of respondent, are as follows: On February 17, 1938, at about

6 o'clock p. m., the respondent was riding his bicycle on Buncombe Street, in the City of Greenville, traveling east, at a moderate rate of speed. It was not dark enough to require lights on automobiles or bicycles, but the visibility was lower on that day than ordinarily it would have been due to a misting rain which was falling. When respondent reached the place on Buncombe Street where it intersected with Echols Street, he looked up Echols Street and as he was crossing this intersection and when "a little way over the middle" he and his bicycle collided with the front end of the automobile driven by appellant. Respondent did not see the automobile of appellant, and appellant did not see respondent and his bicycle until within two yards of his automobile. Just prior to the collision, appellant was driving his automobile on Buncombe Street, travelling west, until he reached the intersection with Echols Street, when he turned to the left to leave Buncombe Street and enter said Echols Street. The physical marks on the automobile showed that it came in contact with the respondent about four inches to the left of the radiator cap on the front of the radiator. There is also testimony that the automobile was traveling or entering Echols Street "nearer the left than the right" hand side. Buncombe Street is one of the "through" streets in the City of Greenville, on which all traffic has the right of way.

The foregoing testimony was sufficient to carry the case to the jury, not only on the issue of negligence on the part of appellant, but also on the issue, if under all of the surrounding conditions and circumstances, the respondent was also negligent, and if his negligence contributed as a proximate cause to his injury.

There is ample testimony in the record from which the jury could conclude that appellant was negligent in some, if not all of the specifications contained in the complaint, and more than one inference could be drawn from the testimony as to the alleged contributory negligence of respondent.

What we have said with reference to the motions for a nonsuit and direction of verdict, disposes of the exception

relating to the refusal of a new trial, since the motion for a new trial was bottomed entirely upon the theory that respondent had not proven actionable negligence, and that his testimony showed that he was guilty of contributory negligence.

We have carefully considered all of the testimony, and all exceptions, and conclude that the judgment must be affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.