15134

BEDFORD v. ARMORY WHOLESALE GROCERY CO.

(10 S. E. (2d), 330)

December, 1939.

*Messrs. Dargan & Paulling,* for appellant,

*Messrs. Mozingo & Bryan, L. M. Lawson* and *C. E. Gardner,* for respondent,

July 25, 1940.

The opinion of the Court was delivered by MR. JUSTICE STUKES.

The following statement is from the record for this appeal:

"This action was commenced on or about the 22nd day of October, 1938, to recover from the defendant damages in the sum of Ten Thousand Four Hundred ($10,400.00) Dollars, for injuries to the plaintiff's person and property, caused by a collision between his automobile, driven by him, and a truck driven by an employee of the defendant, on the public highway between Darlington and Florence, S. C., on or about the 7th day of October, 1938.

"The plaintiff alleges that the collision and consequent injuries were caused by the defendant's negligence in the

operation of its truck. The defendant denies all allegations of negligence on its part and pleads contributory negligence on the part of the plaintiff.

"The case was tried before Honorable P. H. Stoll and a jury on the 12th day of December, 1939, and resulted in a verdict for the plaintiff.

"Defendant's attorneys made timely motions for a nonsuit, a directed verdict and a new trial, all of which were refused, and, judgment for the plaintiff having been duly entered, the defendant appeals, after due notice, on the grounds set forth in its exceptions."

There are three allegations of error, exceptions, the first of which is as follows:

"1. In refusing defendant's request that the jury be instructed as follows:

" 'If the plaintiff, Bedford, and the truck driver were both negligent and their negligence caused the injuries complained of, then the owner of the truck is not liable and your verdict must be for the defendant; and you need not inquire which was more negligent. The plaintiff, Bedford, cannot recover even if you believe that the truck driver was more negligent than Bedford', which request was refused on the ground that it did not embody the instruction that only the proximate cause or causes of the plaintiff's injuries could be considered; whereas the jury was fully and explicitly instructed as to that, and the substance and import of the request in question was that the jury be instructed not to apply the doctrine of comparative negligence, regarding which there was no instruction in the general charge or elsewhere."

There are at least two sufficient reasons why the refusal of the quoted request to charge does not constitute error. In the first place, it appears that the various requests of the parties were read to the Court and jury before the Judge delivered his charge to the jury. In this situation it was proper to decline the request without the inclusion therein of the all-important element of proximate cause for there had been

no prior instruction of the jury on that point, and it cannot be fairly argued by appellant that this prayer for instructions should nevertheless have been granted because the Court *afterward* fully instructed the jury with respect to proximate cause.

Furthermore, and by way of a second sufficient vindication of the course of the trial Judge in refusing this request to charge, it should be said that it was not incumbent upon the Court to instruct with respect to comparative negligence. It is well established and conceded by the respondent here that this doctrine does not exist in this State and there was no contention thereabout in the trial of this case; thus the requested charge was inappropriate and inapplicable to the issues before the jury, and therefore unnecessary. See 45 C. J., 1358.

Appellant cites certain cases from this Court to the effect that we have no rule of comparative negligence but none of such cases arose from the failure or refusal of the trial Judge to so instruct the jury. Trouble has heretofore arisen in this connection when it was attempted to instruct the jury upon the subject, and not when there was a failure to negatively instruct the jury that no such doctrine exists. This statement of the law upon the subject of comparative negligence is, of course, subject to the exception that such does exist by statute in the matter of railroad employers' liability. Code of 1932, Section 8367.

The able and experienced Judge who tried this case on circuit very clearly instructed the jury concerning contributory negligence in his general charge, as follows: "The defendant says that they are not negligent, but, even if they were negligent, that the plaintiff was also negligent, and that such act, negligent act, on the part of the plaintiff, or omission on the part of the plaintiff amounted to a want of ordinary care, concurring and cooperating with the negligent act of the defendant so as to make it the proximate cause or occasion of the injury complained of. If you find that the

defendant was negligent and you also find that the plaintiff was negligent, if the plaintiff's negligence concurred and co-operated with the negligent act of the defendant so as to make it the proximate cause of the injury, then, of course, the plaintiff could not recover."

We find no error in his declination of defendant's ■ request which omitted the essential of proximate cause and included reference to the irrelevant doctrine of comparative negligence.

The remaining exceptions, Numbers 2 and 3, impute error to the trial Judge for denying motions for nonsuit, for a directed verdict for the defendant and for a new trial, and raise the question stated by appellant's counsel as follows: "Can any reasonable inference be deduced from the evidence except that the plaintiff's negligence was the sole or a contributing proximate cause of his injury, without which it would not have occurred?"

In the view we take it is unnecessary to review the ■ testimony at length. The plaintiff's automobile was parked off the pavement to the left of the highway facing in the direction in which the defendant's truck was traveling; plaintiff was desirous of going in the opposite direction and turned his car to the right to cross the pavement and enter a side road by which he would reenter the highway. He testified that he looked for vehicles approaching from his rear and saw the truck moving toward him at a point approximately seven hundred feet distant, from which he considered that it was safe to cross before it and upon cross examination testified that he did not await the truck's passing because other vehicles would be coming; it is agreed that it was a heavily traveled route. The testimony is in conflict as to whether the plaintiff's car was entirely across the pavement when struck by the truck which, it is agreed, was turned to its right in the driver's mistaken effort to avoid the collision, but it is disputed whether the truck entirely left

the pavement. The rate of speed of the truck was likewise in wide dispute.

The complaint charged as specifications of negligence, among others, the following: Illegal, unreasonable and reckless speed on the part of the truck; failure of its driver to keep a proper lookout or proper control of his vehicle and inadequacy of brakes. Besides a general denial the answer contained the defense of contributory negligence, hereinbefore referred to in the discussion of the first exception, to the extent of recklessness in that the plaintiff drove his automobile without signal or other warning directly in front of the approaching truck without looking therefor despite his knowledge that the road was one of the most traveled highways in the State, over which motor vehicles constantly traveled at high speeds; and upon the same specifications of negligence defendant demanded by way of counterclaim the sum of two hundred dollars for damages to its truck.

Appellant invokes the rule of law applicable to collisions at railroad crossings, illustrated by the decisions of *Drawdy v. Altantic Coast Line Railroad Company*, 78 S. C., 374, 58 S. E., 980, and *Griskell v. Southern Railway Company*, 81 S. C., 193, 62 S. E., 205, to the general effect that one who is cognizant of an approaching train and undertakes to cross the tracks ahead of it assumes the risk of collision; and that the plaintiff here, having knowledge of the approach of defendant's truck, took upon himself the risk of collision therewith when he attempted to cross the highway ahead of it. But the law of railroad crossings is not the rule applicable here and should not be, for the conditions are entirely dissimilar. It is only necessary to consider the facts that a train runs upon fixed tracks and is less subject to the control of its operators than is a motor vehicle. The jury may well have concluded that the plaintiff acted with ordinary prudence in attempting to cross when he did rather than delay and possibly have to take a greater risk in later entering the highway in the heavy travel borne by it. At any rate it was

within their province to so find. See generally upon the functions of the jury, *Cummings v. Tweed,* S. C., 10 S. E. (2d), 322, recently filed, July 22, 1940.

Appellant's counsel have with ability and earnestness contended that there should have been a nonsuit or directed verdict for the defendant, but citation of authority is unnecessary that in the consideration of such questions the Court must view the evidence in the most favorable light to the party against whom such motions are made, under which rule we find no error on the part of the trial Court. Furthermore, its action thereabout can only be reversed by this Court when we find no competent and substantial evidence to support the ruling below. Stated another and more common way, an order of nonsuit or for the direction of a verdict in a law case is only proper when no other reasonable inference can be drawn from the evidence. In this case we find that the testimony as to the alleged negligence of the defendant and contributory negligence of the plaintiff was in substantial conflict, creating issues of fact for trial by the jury, by whose verdict we are bound.

All exceptions are overruled and the judgment below is affirmed.

Mr. Chief Justice Bonham, Messrs. Justices Baker and Fishburne and Mr. Acting Associate Justice L. D. Lide concur.