15997

BOYLESTON v. SOUTHERN RY. CO.
(44 S. E. (2d) 537)

*Messrs. Moss & Moss,* of Orangeburg, and *Frank G. Tompkins,* of Columbia, for Appellant,

234

*Mr. Andrew J. Hydrick,* of Orangeburg, for Respondent,

October 16, 1947.

FISHBURNE, J.: This action was brought to recover damages for bodily injuries alleged to have been sustained by the plaintiff, L. A. Boyleston, while in the employment of the defendant, Southern Railway Company.

The plaintiff was employed by the defendant as a laborer at its freight station at Orangeburg, South Carolina. It was his duty to load and unload freight from boxcars passing through the defendant's terminal at this point. In the usual conduct of the defendant's business, two station laborers were employed, and plaintiff was one of them when he was injured. The evidence tends to show that the plaintiff and his co-laborer loaded and unloaded intrastate and interstate shipments of freight.

The plaintiff is a white man thirty-two years of age, and began working with the defendant on January 5, 1944, and worked continuously until February 10, 1945. On the afternoon of February 10, 1945, W. S. Cooper, who had served as the defendant's freight agent at Orangeburg for forty years, and who was the plaintiff's superior, directed the plaintiff to open a boxcar containing bales of compressed cotton and to unload the cotton. The plaintiff demurred on

the ground that the bales of cotton were too heavy for one man to handle, but Mr. Cooper insisted that this freight had to be unloaded that afternoon, and directed the plaintiff to proceed.

When the car was opened, it was found that several of the bales had.fallen over and plaintiff was told to head-up or stand such bales on end. It was necessary that this be done so that the truck could be run under them and then rolled out. It always took two men—the plaintiff and his co-laborer —to stand the bales on end, and Mr. Cooper would direct the two men to do that when the cotton was lying on its side. But on this afternoon the co-laborer was sick and absent, and Mr. Cooper directed the plaintiff to undertake the work alone. Under Mr. Cooper's supervision and direction, by his effort alone he raised up three bales. He then attempted to lift the fourth bale, but was unable to do so. At this juncture, Mr. Cooper, who was present throughout the operation, attempted to assist the plaintiff, but the two failed to lift the bale on end.

It is inferable from the evidence that a bale of compressed cotton will weight between five and seven hundred pounds, and is harder to handle than an ordinary bale of cotton. As stated, Mr. Cooper always directed two men to up end the compressed bales when the bales were lying on their side. When it became evident that the fourth bale of cotton could not be stood on end by the plaintiff and Mr. Cooper, the latter directed that the boxcar be closed, and the unloading be done the following Monday morning.

The evidence tends to prove that in the effort to lift the cotton, the plaintiff tore or strained the muscles or ligaments on the left side of his back, in consequence of which he was no longer able to undertake the heavy work in the defendant's employ, has incurred drug and medical bills, and has suffered and still suffers pain on account of the injuries. At the time of the alleged injury the plaintiff was in sound physical condition.

Under the foregoing facts, the complaint charges negligence to the defendant in failing to provide an adequate number of laborers to do the work to which the plaintiff was assigned, and in directing plaintiff, a man accustomed to obeying the orders of his superior, to perform the work in a suggested emergency, when, in fact, no emergency existed, and which work the defendant knew or should have known was beyond his power to perform.

When the case was called for trial, and before any evidence was offered, counsel for the plaintiff stated, and the trial judge ruled, that plaintiff's cause of action was founded upon a breach of duty arising under the common law and statutes of South Carolina, and that the Federal Employers' Liability Act, 45 U. S. C. A. Sec. 51 *et seq.*, was not involved.

Upon the close of all of the evidence, the defendant made a motion for a directed verdict upon numerous grounds, which motion was overruled. The cause proceeded to trial and resulted in a verdict in favor of the plaintiff for the sum of $500.00. Upon rendition of the verdict the defendant moved for judgment *non obstante veredicto,* which motion was likewise refused.

The case now comes before this court upon two main grounds of appeal, the first of which is, has the plaintiff proved any actionable negligence on the part of the defendant which proximately resulted in injury to the plaintiff?

By its answer, the defendant denied the material allegations of the complaint and set up the additional defenses of (a) sole negligence, (b) contributory negligence, (c) assumption of risk normally and necessarily incident to his employment; and (d) comparative negligence.

Section 8366 of the Code, under which this action was brought, provides:

"Every common carrier by railroad while engaging in commerce within the State of South Carolina shall be liable

in damages to any person suffering injury while he is employed by such carrier in such commerce * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery * * * or other equipment. And in every such action the jury may give such damages, as they may think proportioned to the injury. * * *"

The trial judge held that this statute, together with Sections 8367 and 8368, which cover liability of railroads for injuries to employees, eliminated the defense of assumption of risk and contributory negligence and substituted in place thereof the defense of comparative negligence. He charged the jury the law applicable to comparative negligence, and in addition thereto that the burden was upon the plaintiff to prove negligence on the part of the defendant, and that such negligence was the direct and proximate cause of the physical injury suffered by him.

There is no appeal from the instructions given by the judge to the jury. The appellant is not demanding a new trial, but claims that the court erred in failing to direct a verdict in its favor.

On the issue that the negligence of the appellant, if any, constituted the proximate cause of the injury suffered by the respondent, the evidence makes a close question, but in our opinion the trial court committed no error in submitting it to the jury.

Negligence carries with it liability for consequences which, in the light of attendant circumstances, could reasonably have been anticipated by a prudent man, but not for injuries which, though possible, were wholly improbable. One is not charged with foreseeing that which could reasonably not be expected to happen. *Locklear v. Southeastern Stages,* 193 S. C. 309, 8 S. E. (2d) 321; *Tobias v. Carolina Power & Light Co.,* 190 S. C. 181, 2 S. E. (2d) 686.

The evidence in the case shows that the plaintiff, who weighed 130 pounds, was directed by his superior officer to raise on end a bale of compressed cotton weighing between five and seven hundred pounds. Always prior to this Saturday afternoon, in the accomplishment of such work Mr. Cooper, appellant's agent, had directed that the work be done by two men—the plaintiff and his co-employee. We think it was a question for the jury under such circumstances to pass on the question of negligence, as to whether or not injury to the plaintiff could not reasonably have been anticipated by appellant's agent. It is evident that in the normal course of unloading a boxcar containing bales of cotton, two men were regularly employed for this purpose, and it may be inferred that it took the strength of two men to up-end a bale of cotton. The evidence shows, too, that even with the assistance of Mr. Cooper, who said he was not accustomed to doing much lifting, this particular bale could not be raised on end.

Ordinarily, the doctrine of comparative negligence is not recognized in this state. *McLean v. Atlantic Coast Line R. Co.,* 81 S. C. 100, 61 S. E. 900, 1071, 18 L. R. A., N. S., 763, 128 Am. St. Rep. 892. This general rule is subject to the exception that the doctrine of comparative negligence exists by statute in this state in the matter of railroad employer's liability. Code, Section 8367; *Bedford v. Armory Wholesale Grocery Co.,* 195 S. C. 150, 10 S. E. (2d) 330.

Under the foregoing section (8367), it is provided that in any action brought by an employee against a common carrier by virtue of any of the provisions of Section 8366, to which reference has already been made, to recover damages for personal injury, the fact that the employee may have been guilty of contributory negligence is no bar to recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. And this section carries the proviso that no such employee who may be injured, shall be held to have

been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of the employee contributed to the injury or death of such employee.

In the section of the code which follows (8368) it is provided that in any action brought against any common carrier under any of the provisions of Sections 8366 to 8374, to recover damages for injuries to any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of such employees contributed to the injury or death of such employee.

In the case of *Bodie v. Charleston and W. C. R. Co.,* 61 S. C. 468, 39 S. E. 715, 719, the court had under consideration the injury alleged to have been sustained by a railroad employee on account of an insufficient force of hands, which is one of the delicts alleged by the plaintiff in this case. The court in its opinion quotes Section 15 of Article 9 of our Constitution, which provides in part, "Knowledge by any employee injured of the defective or unsafe character or condition of any machinery, ways or appliances, shall be no defense to an action for injury caused thereby * * *." And the court held that the language, "defective or unsafe character or condition of any machinery, ways or appliances", as used in the quoted section of the Constitution, includes the human instrumentalities physically employed to properly operate the machinery and ways of the railroad company, and so has in contemplation the inadequacy of a force of hands to safely perform the work required.

So that, under the Constitution and statutes of this state, even if the plaintiff had knowledge that he might suffer injury by reason of undertaking the work which he was directed to do with insufficient help, he would not be deemed to have assumed the risks of going ahead with it, where it did not appear obviously or inherently dangerous.

Under the doctrine of comparative negligence, the appellant would be wholly exonerated only where the employee's act or omission is shown to have been the sole cause of the injury, the employer's conduct not having operated in any degree to have induced the injurious occurrence. The existence of contributory negligence as well as the extent to which the damages should be reduced by reason thereof, is for the jury. 35 Am. Jur., Sec. 252, Page 681.

Appellant contends that the plaintiff failed to prove any cause of action arising under the laws of South Carolina. The position taken is that the Federal Employers' Liability Act, 45 U. S. C. A. § 51, supersedes all state law on the subject embraced in that Act, and if plaintiff's cause of action comes within the purview of the Federal Employers' Liability Act, it follows as a necessary consequence that there is no state law governing the relationship between the plaintiff and the defendant as disclosed by the evidence. It is argued that there being no state law on the subject, the defendant did not breach any duty to the plaintiff arising under the laws of South Carolina.

In 1939, Section 51, 45 U. S. C. A., was amended by adding thereto the following:

"Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter."

The evidence shows that the bales of cotton which the plaintiff attempted to unload from the boxcar were an intrastate shipment of freight from Columbia to Orangeburg. The testimony tends to show that it was also the duty of the plaintiff in the course of his employment to load and unload interstate shipments of freight passing through the Orange-

burg terminal. Under these circumstances, appellant argues that the 1939 amendment quoted above, supersedes all state laws on the subject under discussion.

The supremacy of congressional legislation over the entire subject of interstate commerce and its instrumentalities, has been upheld in numerous cases. *Houston, E. & W. T. R. Co. v. United States,* 234 U. S. 342, 34 S. Ct. 833, 58 L. Ed. 1341; *Alabama & V. Ry. Co. v. Jackson & E. Ry. Co.,* 271 U. S. 244, 46 S. Ct. 535, 536, 70 L. Ed. 928; *Texas v. United States,* 292 U. S. 522, 54 S. Ct. 819, 78 L. Ed. 1402; *Morgan v. Commonwealth of Virginia,* 328 U. S. 373, 66 S. Ct. 1050, 90 L. Ed. 1317, 165 A. L. R. 574.

In our opinion, the rights of the plaintiff and the defendant in this case are not governed by the Federal Employers' Liability Act. There is no express declaration in the 1939 amendment that the state law covering the subject is to be superseded and set aside. The amendment allows an employee injured in an act, dual in nature—that is, one contributing to intrastate and interstate commerce—to recover under the liberal terms of the Federal Act. Under the provisions of the amendment, any employee of a carrier "for the purposes of this chapter, (shall) be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter". If it had been the intention of the Congress to completely abrogate all state law on the subject, it seems most reasonable to suppose that the amendment would have carried the definite provision that the Federal Employers' Liability Act as amended was to be exclusive. It lacks much of any such clear-cut assertion.

The appellant cites and relies upon the case of *Mondon v. New York, New Haven & Hartford Railroad Company,* 223 U. S. 1, 32 S. Ct. 169, 177, 56 L. Ed. 327, 38 L. R. A., N. S., 44. This case was decided prior to the 1939 amendment, but it is contended that the decision in effect prede-

termines the issue now before us. The court in that case said:

"True, prior to the present act, the laws of the several states were regarded as determinative of the liability of employers engaged in interstate commerce for injuries received by their employees while engaged in such commerce. But that was because Congress, although empowered to regulate that subject, had not acted thereon, and because the subject is one which falls within the police power of the states in the absence of action by Congress."

No one questions that the Congress has the power ██ to regulate the subject of interstate commerce, and it may pre-exempt this field, but as heretofore indicated, we do not regard the 1939 amendment to the Federal Employers' Liability Act as excluding all state law on the subject.

Judgment affirmed.

BAKER, CJ., and STUKES, TAYLOR, and OXNER, JJ.; concur.