16390

COOK v. NORWOOD
(two cases)
(60 S. E. (2d) 695)

384

*Messrs. John G. Dinkins,* of Manning, and *John Wilson Patrick,* of St. George, *for Appellant,* ▮

*Mr. J. D. Parler,* of St. George, *for Respondents,* ▮

July 27, 1950.

TAYLOR, Justice.

This appeal comes from the Court of Common Pleas for Dorchester County where action was commenced by the respondents for damages alleged to have been sustained by reason of a collision between an Oldsmobile Sedan, driven by respondent, R. E. Cook, with Beatrice M. Cook as passenger, and a Buick Sedan which was owned and operated by the appellant, W. J. Norwood, the collision having occurred approximately five miles south of the Town of St. George on State Highway No. 15.

The two cases were tried together on April 20, 1949, before the Honorable Steve C. Griffith, the Presiding Judge, and a jury, resulting in a verdict for respondent, R. E. Cook, for $2,000.00 actual damages and $1,000.00 punitive damages, and in favor of the respondent, Beatrice M. Cook, for $1,500.00 actual damages and $1,500.00 punitive damages. At the conclusion of respondents' testimony, the appellant made a motion for a nonsuit in each case, and at the conclusion of all the testimony, he moved for a directed verdict as to both actual and punitive damages, all of which were refused. After the rendition of the verdict, appellant moved that the verdicts be set aside and a new trial granted; failing in this, he moved that the verdicts be set aside as to punitive damages.

Appellant was traveling in his Buick Sedan on State Highway No. 15 approximately five miles south of the Town of St. George en route from North Carolina to his home in Florida. It was about four o'clock in the afternoon and the pavement was wet with showers. Respondents were traveling in the opposite direction on their way from Savannah, Georgia, to Florence, South Carolina. There were three cars immediately in front of appellant traveling in the same direction. When he pulled out from behind these cars in an

attempt to pass, he saw the oncoming car in which respondents were traveling. Realizing that he did not have time to pass the three cars in front of him, he pulled back in line and after getting back in line, for some reason when respondents' car was practically even with that of his own, the front part of his car suddenly crossed over the center line and crashed into the left side of respondents' car, turning it on its side in the ditch.

Mr. Cook, one of the respondents and driver of the Oldsmobile Sedan, testified that he saw the oncoming car attempting to pass and realizing that it was traveling fast and did not have sufficient room or time to pass, pulled his car to the right, at the same time slowing down; that appellant's car then pulled back in line but suddenly darted across the center line five feet or more, crashing into the side of the car. Appellant contended that, upon pulling out from behind the string of cars immediately in front of him, he realized that he did not have sufficient time to pass and therefore pulled back in line. Upon doing so, the car immediately in front of him apparently slowed down, causing him to apply his brakes and that upon doing so, the front end of his car skidded out and across the center line approximately two feet.

Appellant testified that respondents' car was traveling approximately sixty miles per hour but there is other testimony to the effect that the speed was not nearly so great and that the respondents' car traveled a distance of only a few feet from the point of impact. There is no question but what appellant pulled out from behind the three cars and attempted to pass when he did not have sufficient time. This certainly was one of the series of events which resulted in the collision of the two cars.

Section 1616(9), Code of Laws for South Carolina, 1942, provides: "No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a

sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right hand side of the roadway before coming within 100 feet of any vehicle approaching from the opposite direction."

Appellants admitted conduct constituted a violation of the aforementioned section of the Code and this within itself constituted negligence *per se*. It therefore became incumbent upon the jury to determine whether such actions were the proximate cause of respondents' damages.

It is a well-settled rule of law that when a motion is made by a defendant for a directed verdict, the evidence must be considered most favorable to the plaintiff in determining whether or not the motion should be granted, and if more than one inference can reasonably be drawn therefrom, it is the duty of the Trial Judge to submit the case to the jury. *Cox v. McGraham,* 211 S. C. 378, 45 S. E. (2d) 595; *Crews v. Sweet,* 125 S. C. 303, 118 S. E. 613, 29 A. L. R. 43; *Ford v. Atlantic Coast Line R. Co.,* 169 S. C. 41, 168 S. E. 143; *Lower Main Street Bank v. Caledonian Insurance Co.,* 135 S. C. 155, 133 S. E. 553; *Lynch v. Pee Dee Express* 204 S. C. 537, 30 S.E. (2d) 449.

Not only should consideration of the facts be submitted to the jury when they are in dispute, but the jury must also pass on the questions of inference to be drawn from such facts after they have been determined. *Anderson v. Hampton & Branchville R. & Lumber Co.,* 134 S. C. 185, 132 S. E. 47; *Waring v. South Carolina Power Co.,* 177 S. C. 295, 181 S. E. 1.

Under the scintilla rule which prevails in South Carolina, if there is a scintilla of evidence, which is any material evidence that, if true, would tend to estab-

lish the issue in the mind of a reasonable juror, the case should be submitted to the jury for its determination. *Marks v. Industrial Life & Health Insurance Co.,* 212 S. C. 502, 48 S. E. (2d) 445; *Taylor v. Atlantic Coast Line R. Co.,* 78 S. C. 552, 59 S. E. 641; *Bushardt v. United Investment Co.,* 121 S. C. 324, 113 S. E. 637, 35 A. L. R. 637; *Turner v. American Motorists Insurance Co.,* 176 S. C. 260, 180 S. E. 55; *Crawford v. Town of Winnsboro,* 205 S. C. 72, 30 S. E. (2d) 841; *Radcliffe v. Southern Aviation School,* 209 S. C. 411, 40 S. E. (2d) 626.

We are therefore of the opinion that there was sufficient evidence of actionable negligence to require the submission of the case to the jury.

Appellant also contends that there was not sufficient evidence of willfullness and wantonness to submit the issue of punitive damages to the jury.

If the inferences properly deducible from the evidence are doubtful or if they tend to show both parties guilty of negligence or willfullness, and there may be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury. *Harrison v. Atlantic Coast Line R. Co.,* 196 S. C. 259, 13 S. E. (2d) 137.

In passing upon this question when appellant made his motion for a new trial, the Presiding Judge stated: "The evidence in this case is certainly susceptible to the reasonable inference as to get a reasonable inference that the defendant without looking pulled out from behind the three cars in front of him and traveling in the same direction, and he did not look until he had gotten out on the left side of the road. I think that amounts to a reckless act, one of the most reckless. * * * it was raining and the car that was trying to pass, as I recall the testimony, was traveling at a fair rate of speed." With this we are constrained to agree.

It had been raining intermittent showers when, under appellant's own testimony, he attempted to pass these cars without sufficient time or room. Whether the pulling out of the car from the line of traffic the second time was a deliberate act to avoid striking the car in front or was the result of the sudden application of brakes while traveling at too great a speed under the conditions, it is clear that this collision was the culmination of events set in motion when appellant recklessly pulled to the left of the center line in the first instance and evidently was taken into consideration by the jury in arriving at its conclusion, and we find no error therein.

Appellant next contends that the two respondents were engaged in a joint or common enterprise and cites the case of *Funderburk v. Powell,* 181 S. C. 412, 187 S. E. 742, and that the negligence of the driver was imputed to his wife. The fallacy in this position is that the jury exonerated the driver of the Cook car of all negligence by its verdict. Therefore, there was no negligence to impute to the passenger.

For the foregoing reasons, this Court is of the opinion that all exceptions should be dismissed and the judgment of the lower Court affirmed, and It Is So Ordered.

FISHBURNE, STUKES and OXNER, JJ., and E. H. HENDERSON, A. A. J., concur.

BAKER, C. J., not participating.