## 16518

KEELS v. ONE FORD TRUCK, S. C. LICENSE NO. J-6182 *ET AL.*
(65 S. E. (2d) 770)

*Messrs. Hagood, Rivers & Young,* of Charleston, *for Appellants,*

Messrs. *Legare & Hare* and *Thomas. P. Bussey* of Charleston, *for Respondent,*

June 27, 1951.

TAYLOR, Justice.

This action arose out of the collision of two motor vehicles at the intersection of Anson and Society Streets in the City of Charleston. The complaint alleges that the collision occurred November 27, 1948, while plaintiff was driving his 1940 model Ford east on Society Street; that, on approach-

ing the stop sign at the intersection of Anson Street, he stopped and then proceeded slowly and cautiously into the intersection where his car was struck on the right side by the appellant Ford Truck which was north bound on Anson Street, as a result of which he suffered injuries to his person and damage to the car. Various specifications of negligence, recklessness and willfulness are also set forth therein, together with the traffic ordinances of the City of Charleston.

Appellants in their answer deny all material allegations and set up the defense of contributory negligence, recklessness and willfulness on the part of the respondent in that he, in violation of the traffic ordinances of the City, failed to stop at a stop sign and drove in front of the appellants' truck when it was so close that a collision was unavoidable; thereby bringing about his own damage and injuries. The appellants, I. M. Pearlstine & Sons, in their answer counterclaimed for damage to the truck.

The case came on for trial before Honorable J. Henry Johnson, Presiding Judge, and jury during the April 1950 Term of Common Pleas Court for Charleston.

At the conclusion of respondent's testimony appellants moved for a nonsuit which was refused, but upon their request punitive damages were ruled out. At the conclusion of all the testimony appellants moved for a directed verdict which was refused. They then moved for a directed verdict as to punitive damages which was granted and the case was submitted to the jury who rendered a verdict for respondent in the sum of $650.00 as damages to the property of respondent and $16,350.00 as compensation for the injuries suffered by respondent.

Upon the return of the verdict appellants made timely motions for a new trial on the record and for judgment for appellants *non obstante veredicto,* both of which were refused.

Appellants now come to this Court contending (1) that respondent's negligence was the sole proximate cause of his

collision, (2) that he was guilty of such contributory negligence as to bar recovery, (3) that the verdict was so excessive as to show passion and prejudice on the part of the jury.

Respondent testified that he approached the intersection at a speed of approximately eight to ten miles per hour, that he came to a complete stop at the stop sign, but the corner being a "blind" one and Anson Street being very narrow (only 19 feet and 10 inches wide), it was necessary for him to move forward in order to see south on this street. Not seeing any approaching traffic, he slowly entered the intersection and was aware of the truck only when it was very close. A portion of his testimony appears as follows: "As I approached the intersection, I came to a stop, and I had to pull the car up a little so I could see, and I put it in low gear, and as I stopped, I saw the street on Anson to my right was clear, and I started on off slowly. There were a number of people crossing the street, and my attention was on them, and then I saw this truck coming, and I thought he was going to stop, but he came right into me."

Respondent further testified that at the time of the collision his car was in first gear and this was corroborated by one of the investigating officers who testified that he assisted in moving the car and that it was in low gear at the time he examined it. The testimony also shows that respondent was rendered unconscious from the impact.

One witness testified that he was on the sidewalk approaching the intersection at a point where he was in a position to see what happened, that respondent came to a complete stop and slowly entered the intersection.

· Another witness who was crossing Society Street testified that she looked and did not see the approaching truck, but before she reached the opposite curb the collision occurred. This witness also testified that she did not see respondent's car approaching. However, there is testimony to the effect that parking was permitted on both sides of Society Street

west of the intersection, and parking was permitted on the east side of Anson Street only; therefore, such cars as were parked on Anson Street in nowise obstructed her view of on-coming traffic, but those on Society Street could have obstructed her view on this street.

It is undisputed that respondent's car was struck about midway on the right side by the front of the truck when near the center of the intersection and moved forward and to the left approximately equal distances from the point of impact, coming to rest against a mailbox and post.

Section 58 of the Traffic Ordinances of the City of Charleston appears as follows:

"Subdivision (a) The driver of each and every vehicle shall stop as required by this ordinance at the entrance to an Express Avenue and shall yield the right-of-way to other vehicles which have entered the intersection from said Express Avenue or which are approaching so closely on said Express Avenue as to constitute an immediate hazard."

"Subdivision (b) The driver of each and every vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto, and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but then may proceed."

Subsection 6, Section 480, ordinances of the City of Charleston provides as follows: "In approaching or traversing an intersection no motor vehicle shall proceed at a speed greater than ten miles per hour."

Appellants urge strongly that the testimony is susceptible of no other conclusion than that the sole proximate cause of the collision was respondent's action in heedlessly driving his car into the intersection when appellants' truck was so close that a collision was inevitable.

Appellants' witnesses, including the driver of the truck and his passenger, fix the speed of the truck at approximately 15 miles per hour when approaching and 10 miles per hour upon entering the intersection, while other witnesses fix the speed of respondent's car at approximately 25 miles per hour. There is, therefore, an irreconcilable conflict in the testimony, as there often is in cases of this kind. However, for the purpose of disposing of these motions, the evidence must be considered as a whole and in the light most favorable to plaintiff, and if more than one reasonable inference can be drawn therefrom, the case should be submitted to the jury. *Bedford v. Armory Wholesale Grocery Company,* 195 S. C. 150, 10 S. E. (2d) 330; *Lynch v. Pee Dee Express, Inc.,* 204 S. C. 537, 30 S. E. (2d) 449; *Moorer v. Dowling,* 216 S. C. 456, 58 S. E. (2d) 734; *Cook v. Norwood,* 217 S. C. 383, 60 S. E. (2d) 695.

In view of the conflict of the testimony presented in this case, together with the fact that more than one reasonable inference can be drawn therefrom or a fair difference of opinion may exist as to who produced the injury complained of, we are of the opinion that the question of contributory negligence also was a matter to be determined by the jury. *Lineberger v. City of Greenville,* 178 S. C. 47, 182 S. E. 101; *Kneece v. Southern Ry. Co.,* 187 S. C. 195, 197 S. E. 673; *Murray v. Martin,* 188 S. C. 334, 199 S. E. 301; *Norwood v. Atlantic Coast Line Railroad Co.,* 203 S. C. 456, 27 S. E. (2d) 803; *Thompson v. Southern Ry. Company,* 208 S. C. 49, 37 S. E. (2d) 278.

The first two questions are resolved against appellant.

The third question contends that the damages awarded by the jury are so excessive as to show passion and prejudice. It is not seriously contended that the amount of $650-.00 awarded on the first cause of action is excessive. It is, however, strongly urged that the verdict of $16,350.00 on the second cause of action is grossly excessive.

The injury to respondent consisted chiefly of a back injury with the tenth and eleventh ribs on the right side being fractured near their vertebral ends. He was treated by two general practitioners and then by a reliable orthopedic surgeon who examined respondent the day prior to the trial and found that he was still suffering from his injuries with pain in the lumbar region with tenderness and muscle spasm present in the back. He testified that respondent would experience no further healing and would continue to suffer pain.

Respondent is a young man approximately 37 years of age with a life expectancy of approximately 30 years, a plumber by trade, who, as a result of his injury, lost a position at Parris Island Marine Base which paid the rate of $1.57 per hour and has been limited to more or less light work at an earning capacity of $1.12 per hour for approximately eight months, and at the time of trial was employed doing light work at $1.25 per hour which was not permanent.

The testimony further shows that prior to the injury he was in good health and strong physically but after the injury was able to do only light work and is highly nervous, being forced to be careful in his movements, even to lacing his shoes, in order to avoid spasms of pain which confine him to his bed. The Trial Judge in his order refusing appellants' motion stated that he appeared pale and unhealthy.

Under these circumstances this Court cannot say that the record discloses and warrants the conclusion as a matter of law that the Trial Judge abused his discretion in refusing to grant a new trial upon the ground that the verdict was excessive in that the amount of damages awarded had no reasonable relation to the injury received, but were the result of passion, partiality, prejudice, corruption or other improper motives. *Jennings v. McCowan*, 215 S. C. 404, 55 S. E. (2d) 522; *Haselden v. Atlantic Coast Line R. Co.*, 214 S. C. 410, 53 S. E. (2d) 60.

For the foregoing reasons, we are of the opinion that all exceptions should be dismissed and the judgment affirmed, and It is So Ordered.

FISHBURNE, STUKES and OXNER, JJ., and E. H. HENDERSON, Acting Associate Justice, concur.