17122

CHARLES W. GEIGER, as Executor of the Estate of Cora Elizabeth Geiger, Respondent, v. CHECKER CAB CO. and CAROLINA CASUALTY INSURANCE CO., Appellants

(91 S. E. (2d) 552)

40

*Messrs. Walter S. Monteith* and *Colin S. Monteith, Jr.,* of Columbia, *for Appellants,*

*Messrs. R. K. Wise* and *A. Birge Wise, Jr.,* of Columbia, for Respondent,

February 20, 1956.

LEGGE, Justice.

Respondent, as executor of his wife's estate, brought this action to recover damages for her alleged wrongful death resulting from injuries sustained in a collision, about eight o'clock on the evening of April 10, 1953, at the intersection of two public streets of the City of Columbia, between her four-door sedan, driven by her, and a taxicab of appellant Checker Cab Company, Inc. Mrs. Geiger's car was traveling eastward on Laurel street; the taxicab, southward on Gadsden street. Appellants' motions for nonsuit and for direction of verdict were overruled, and the case was submitted to the jury, which returned a verdict for $1,600.00. Thereafter appellants' motion for judgment *n. o. v.* was overruled; and respondent's for a new trial because of inadequacy of the verdict, was granted. Appellants charge error in refusal of their motions; and the issues before us, briefly stated, are:

1. Was there sufficient evidence of actionable negligence to take the case to the jury; and, if so,

2. Did the evidence show respondent's intestate to have been guilty of contributory negligence as a matter of law?

Gadsden is a through street, having a paved roadway about seventy feet wide. The speed limit on it is thirty-five miles per hour. Laurel intersects Gadsden one block south of Richland street. There is no electrical signal device at the intersection of Gadsden and Laurel, but traffic on Laurel is required to stop before entering the intersection, and there is a "Stop" sign on the south side of Laurel just west of the intersection. Southward from Richland street Gadsden is straight and downgrade to Laurel; and Laurel slopes downward west of Gadsden. There was no evidence that at the

time of the accident there was any traffic or other obstruction to prevent the driver of each car from seeing the other car.

The collision took place near the center of the intersection, and the Geiger car came to rest, upside down, after striking a large tree, near the southeast corner and sixty or seventy feet from the point of collision. The cab remained upright, and stopped, after the collision, about twenty feet from the Geiger car. Photographs in evidence showed that the Geiger car was struck on its left side, the point of impact being just forward of the front door; and that the front end of the taxicab was demolished.

There was testimony for the respondent to the effect that the cab was traveling at from fifty to sixty miles an hour as it crossed the intersection of Richland street, and that within "a second or two" thereafter came the sound of the collision, a block away; that the Geiger car was struck after it had crossed the center-line of Gadsden street; and that there were no skidmarks by either car. Appellants offered testimony to the effect that the Geiger car did not stop for the intersection; that its speed was about thirty-five miles an hour; that its skidmarks began about three and a half feet west of the white stop-line on Laurel street and continued another twenty-nine feet to the point of collision some three feet southwest of the center of the intersection; and that skidmarks indicated that the cab had begun to skid three feet north of the point of collision. The taxicab driver testified that he did not see the car until "just right before the accident happened."

Further review of the evidence is unnecessary. In our determination of the issues here presented, it, and all reasonable inferences from it, must be considered most favorably to respondent's case. *Keels v. One Ford Truck,* 219 S. C. 449, 65 S. E. (2d) 770; *Gillespie v. Ford,* 225 S. C. 104, 81 S. E. (2d) 44. So viewed, it was, in our opinion, sufficient to present issues for the jury both as to negligence on the part of the cab driver and as to contributory negligence on the part of respondent's decedent. Appel-

lants argue that the testimony of respondent's witnesses Baker and Langley, who were standing on the second floor porch of the latter's house at the corner of Gadsden and Richland streets, and who testified that they saw the cab cross that intersection at a speed of fifty or sixty miles per hour, has no probative value because their view of the cab after it crossed that intersection was obscured by a large tree that stood very near the corner of the porch; and in support of that argument they cite *Leek v. New South Express Lines,* 192 S. C. 527, 7 S. E. (2d) 459. But the facts of the two cases are not significantly similar; and in the case at bar both Baker and Langley testified that they heard the crash of the collision at the Laurel street intersection, a block away, within a "second or two" after the cab had crossed Richland street—from which the inference of continued unlawfully high speed might have been drawn. Nor is there merit in appellants' contention that evidence was wholly lacking from which it could reasonably be inferred that the collision proximately resulted from negligence, if any there was, on the part of the cab driver. In approaching the intersection of Laurel street it was his duty to exercise due care notwithstanding his knowledge that traffic on Laurel was required to stop before crossing Gadsden. If, approaching that intersection, he was traveling at an unlawful rate of speed, or was not keeping a proper lookout, or if the Geiger car had already entered the intersection before the cab reached it,— and the evidence for the respondent is susceptible of such inferences,—it was for the jury, not the court, to determine whether or not such negligence proximately caused the collision. The credibility of witnesses is peculiarly within the province of the jury. *Scurry v. International Paper Co.,* 227 S. C. 392, 88 S. E. (2d) 256.

The orders appealed from are affirmed, and the cause is remanded for new trial.

STUKES, TAYLOR, and OXNER, JJ., and T. B. GRENEKER, Acting Associate Justice, concur.