17231

J. H. SCOTT, Appellant, v. C. P. MEEK, Respondent
(95 S. E. (2d) 619)

*Messrs. Henry Busbee* and *Williams & Busbee,* of Aiken, *for Appellant,*

*Messrs. Julian B. Salley, Jr.,* and *Henderson, Salley & Cushman,* of Aiken, *for Respondent,*

December 10, 1956.

Taylor, Justice.

This appeal comes from the Court of Common Pleas for Aiken County, wherein appellant sought damages for injuries to person and property allegedly arising out of an automobile collision on October 16, 1953.

Appellant sets forth in his complaint that respondent was negligent, willful, reckless, and wanton in the operation of his automobile in the following particulars:

"(a) In that the defendant was driving and operating his automobile upon United States Highway No. 1, a public highway and thoroughfare of the State, at a high, dangerous and reckless rate of speed, in excess of fifty-five miles per hour, in violation of the statute law of South Carolina.

"(b) In that the defendant, upon the occasion in question, was driving and operating his automobile while approaching a much travelled intersection at a rate of speed which was greater than was reasonable and proper, considering the time, place and conditions, in violation of the statute law of the State of South Carolina.

"(c) In that the defendant upon the occasion in question failed to keep his automobile under control, and to drive the same at such reasonable speed as to enable him to stop the same without running into and colliding with plaintiff's automobile when the latter was already in said intersection.

"(d) In that the defendant upon the occasion in question approached and drove his automobile into said intersection when he could readily see that plaintiff's automobile had already entered into and was passng over said intersection.

"(e) In that the defendant upon the occasion in question failed to keep his automobile in United States Highway No. 1, so as to pass plaintiff's automobile without interference, but to the contrary, so turned his automobile to the right side of said highway as to strike the plaintiff's automobile as the same was leaving said intersection, or had already passed over the same and into the Graniteville Road."

Within due time, defendant filed answer and set up counterclaim, whereupon plaintiff moved to strike the counterclaim upon the ground that it was sham and irrelevant, which motion was refused. Upon appeal to this Court, the Order was reversed and the counterclaim ordered stricken. *Scott v. Meek*, 228 S. C. 29, 88 S. E. (2d) 768. The cause thereafter came on for hearng upon its merits before the Honorable William H. Grimball, Presiding Judge, on November 16, 1955, who, at the conclusion of plaintiff's testimony, upon motion of defendant, granted an involuntary nonsuit; and plaintiff-appellant now comes to this Court upon the sole question of whether or not the trial Judge

erred in finding and holding that the testimony made no issue for submission to the jury.

There is testimony to the effect that the collision occurred in Aiken County at or near the intersection of United States Highway No. 1, a dual lane highway, and an intersecting highway referred to as the Graniteville Highway, at approximately 9:30 P. M., October 16, 1953. Appellant traveling north on the Graniteville Highway stopped and looked for other vehicles; after several cars had passed, he entered the intersection and proceeded to the grass plot between the two traffic lanes and came to a stop, looked and saw the lights of an oncoming car in the distance but being of the opinion that he had ample time to cross the intersection, proceeded and according to his testimony passed entirely over the intersection and clear of the traffic lane when his car was struck on the right side. Appellant stated: "* * * Just as I crossed the road and got in the dip he hit me and knocked me against the bank. * * * If he had been driving a normal rate of speed it wouldn't caused no hazzard. * * * I drive about fifty or fifty-five. * * * he was running at a high rate of speed. * * * He had to be traveling at a high rate of speed." Appellant further testified that the oncoming car was approaching from over a hill and that it was .2 of a mile from the place of collision to the brow of the hill and that the approaching car was nearer the brow of the hill than the intersection when he last saw it. A passenger in appellant's car testified that he looked while appellant was stopped between the two traffic lanes and seeing only a reflection of lights from beyond the hill told appellant to proceed, which he did, and had cleared the traffic lane when struck near the middle of the right side.

Another witness testified that he heard the collision and helped the parties out of the cars and into the ambulance. The Scott car was "knocked up on the bank, and the other car was hit into the Graniteville road headed up towards Graniteville. * * * It looked to me like the car was

already off the road and from my estimation when this car was coming down put on the brakes and pulled to the right and hit this other car and careened up the hill."

For the purpose of disposing of the aforesaid motion, the evidence and all reasonable inferences arising therefrom must be considered as a whole and in the light most favorable to the plaintiff; and if more than one reasonable inference can be drawn therefrom, the case should be submitted to the jury. *Bedford v. Armory Wholesale Grocery Co.,* 195 S. C. 150, 10 S. E. (2d) 330; *Lynch v. Pee Dee Express, Inc.,* 204 S. C. 537, 30 S. E. (2d) 449; *Moorer v. Dowling,* 216 S. C. 456, 58 S. E. (2d) 734; *Cook v. Norwood,* 217 S. C. 383, 60 S. E. (2d) 695; *Keels v. One Ford Truck,* 219 S. C. 449, 65 S. E. (2d) 770; *Gillespie v. Ford,* 225 S. C. 104, 81 S. E. (2d) 44; *Geiger v. Checker Cab Co.,* 229 S. C. 39, 91 S. E. (2d) 552. And in determining the question of whether or not there was sufficient evidence to warrant submission of the case to the jury, it must be kept in mind that the fact that an injury may have occurred in one of several ways does not defeat a plaintiff's right of recovery if the evidence tends to sustain the reasonable probability of the one relied on. In a civil case the law does not require proof to a certainty. *Moseley v. Southern Railway Co.,* 164 S. C. 193, 162 S. E. 94; *Worrell v. South Carolina Power Co.,* 186 S. C. 306, 195 S. E. 638; *Rivers v. State Highway Department,* 186 S. C. 493, 196 S. E. 172; *Hill v. Polar Pantries,* 219 S. C. 263, 64 S. E. (2d) 885, 25 A. L. R. (2d) 1080; *Woodle v. Brown,* 223 S. C. 204, 74 S. E. (2d) 914.

Under the scintilla rule which prevails in South Carolina, if there is a scintilla of evidence, which is any material evidence that, if true, would tend to establish the issue in the mind of a reasonable juror, the case should be submitted to the jury for its determination. *Taylor v. Atlantic Coast Line R. Co.,* 78 S. C. 552, 59 S. E. 641; *Bushardt v. United Investment Co.,* 121 S. C. 324, 113 S. E. 637, 35 A. L. R. 637; *Turner v. American Mo-*

*torists Insurance Co.,* 176 S. C. 260, 180 S. E. 55; *Craw-ford v. Town of Winnsboro,* 205 S. C. 72, 30 S. E. (2d) 841; *Radcliffe v. Southern Aviation School,* 209 S. C. 411, 40 S. E. (2d) 626; *Marks v. Industrial Life & Health Insurance Co.,* 212 S. C. 502, 48 S. E. (2d) 445; *Moorer v. Dowling, supra.*

For the foregoing reasons, we are of opinion that the Order appealed from should be set aside and the case remanded to the Court of Common Pleas for Aiken County for trial, and it is so ordered. Reversed and remanded.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.