### 10765

### STATE v. ELDERS

#### (109 S. E. 806)

1. WITNESSES—LATITUDE IN CROSS-EXAMINATION RESTS LARGELY IN TRIAL JUDGE'S DISCRETION.—While a wide latitude is allowed in the cross-examination of a witness, such latitude necessarily rests in a large measure in the discretion of the Trial Judge.

2. CRIMINAL LAW—APPELLANT MUST SHOW PREJUDICE FROM RESTRIC-
   TION OF CROSS-EXAMINATION.—It is incumbent on appellant to show
   that he has been prejudiced by the trial Judge's ruling restricting
   the cross-examination of a witness.

3. CRIMINAL LAW—WITNESSES—EXCLUSION OF QUESTION ASKED PROSE-
   CUTING WITNESS ON CROSS-EXAMINATION HELD PROPER, AND NOT
   PREJUDICIAL.—On a trial for assault and battery, where the prose-
   cuting witness testified that defendant asked him to see if he could
   identify a horse, a question asked him on cross-examination, "If
   he was going to kill you over there, what good would your identi-
   fication have done him?" was properly excluded, and its exclusion
   was not prejudicial, as the witness' answer would have been conjec-
   tural, in the nature of an opinion, and immaterial to the issue
   being tried.

Before McIver, J., Union, March, 1921.    Affirmed.

Palmer Elders indicted for assault and battery with
intent to kill, and upon conviction appeals.

*Messrs. Barron, Barron & Barron,* for appellant, cite:
*Wide latitude allowed in cross-examination*:    40 Cyc.,
2492, 2480-81; 12 Rich., 654.

*Messrs. I. C. Blackwood, Solicitor, and John K. Ham-
blin,* for respondent.    Oral argument.

December 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

The defendant was tried at the March term of the Court
for Union County before Judge McIver and a jury, charged
with an assault and battery with intent to kill and, after con-
viction and sentence, appeals.

Earl Meadow, prosecuting witness for the State, testified
that the defendant said to him:    "Come over here; I
want you to see if you can identify this horse."

On recross-examination by Mr. Barron, attorney for
defendant, the question was asked:

"If he was going to kill you over there, what good would
your identification have done him?"

This question was objected to and the objection was sustained by his Honor. The exceptions allege error on the part of his Honor and seek reversal.

1, 2    While a wide latitude is allowed in the cross-examination of a witness, that latitude necessarily rests in the discretion of the trial Judge in a large measure, and, when the Judge rules, it is incumbent on the part of the appellant to show that he has been prejudiced by the ruling.

3    If the witness had been permitted to answer the question his answer would have been conjectural, in the nature of an opinion, and could not have been in any manner material to the issue being tried. His Honor was right in sustaining the objection, and the appellant has been in no manner prejudiced by the ruling.

Exceptions overruled and judgment affirmed.