14652

RIVERS v. STATE HIGHWAY DEPARTMENT

(196 S. E., 172)

December, 1935.

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General,* and *J. K. Owens,* for appellant,

*Messrs. Tison & Miller* and *N. W. Edens,* for respondent,

March 30, 1938.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This is an action for damages for personal injuries suffered by the plaintiff on the night of August 4, 1934, when the automobile in which he and four others were riding ran off the embankment of State Highway No. 401, at a point seven miles south of Bennettsville. It appears that the defendant, at the place of the accident, maintained on and as a part of this highway a wooden bridge, the plank flooring of which was fastened down with large nails or spikes. The complaint alleged, in substance, that the highway department negligently allowed these spikes, or some of them, to protrude for several inches above the level of the planking which they secured, and that such projecting spikes constituted a menace to the safety of the traveling public; that the defendant, although it knew of this unsafe condition of the bridge, negligently permitted the road to remain open for use without placing proper signs to warn the public of the existing danger. It was further alleged that at the time mentioned, while the plaintiff and his companions were crossing the bridge, the tire on the right front wheel of the automo-

bile in which they were riding came into contact with one of the protruding spikes "with such force as to rip open the rubber and fabric"; and that the tire thereupon blew out, which caused the car to become unmanageable and to plunge down the high embankment. The answer denied that plaintiff's injuries were caused by any negligence on the part of the defendant or by any defect in or negligent repair of the highway in question.

The case was tried in December, 1935. Motions for a nonsuit and for a directed verdict were made and refused, and the jury found for the plaintiff $1,500.00. This appeal followed.

It appears from the record that Mary Ella Tice, who was one of the occupants of the car, was also injured in the same accident. She sued the highway department for damages, but Judge Dennis, before whom her case was tried, directed a verdict for the defendant. The appellant here states in its brief that Judge Dennis, in giving his reasons as to why the plaintiff had failed to make out a case, "mentioned that there was no testimony showing that there was any jar to the car while it was on the bridge, and that there was no testimony to show that any other car had been damaged, though hundreds passed daily."

Rivers, who testified in the *Tice case,* when on the stand in the case at bar, was asked by his counsel to describe his "journey across the bridge," and he stated that he had a distinct recollection of feeling a bump or jar immediately before reaching the end of it. Counsel for the defendant, for the purpose of testing his veracity, as stated by them, then sought to question him with reference to the grounds given by Judge Dennis for directing a verdict in the *Tice case.* Upon objection by the plaintiff, Judge Greene ruled as follows: "Gentlemen, I am not going to let any of you get up here and say what Judge Dennis said when he was presiding at the trial of the other case. You can ask this witness what he testified to before, but I am not going to let you go into

anything that Judge Dennis said or did when he was presiding here in that other case, for the very obvious reason that he can just get up and say that that boy lied when he was on the stand before, and that boy would have to sit there with his mouth closed."

Counsel for the appellant argue that the Court committed error in refusing to permit them to cross examine Rivers as indicated; that they were entitled to this testimony as a test of the veracity of the witness, and as competent evidence to go to the jury upon his credibility. We are not in accord with this view. We think Judge Greene correctly held that the witness could not properly be questioned with reference to any reasons given by the presiding Judge in the trial of another case, although that case arose out of the same accident, as grounds for his direction of a verdict for the defendant. As to the discretion of the trial Court in the latitude allowed in the cross examination of a witness, see *State v. Elders,* 118 S. C., 44, 109 S. E., 806. What we have here said likewise disposes of appellant's contention as to the refusal of Judge Greene to permit counsel to cross examine Davis Rivers, a witness for the plaintiff. along the same line.

The appellant also complains of the Court's refusal to direct a verdict in its favor. The motion was made upon the grounds (1) that there was no testimony from which it might be reasonably inferred that "the front tire of the automobile came into contact with a nail or spike on the bridge which caused it to blow out," and (2) that there was "no evidence of actionable negligence on the part of the defendant."

A lengthy review of the testimony is unnecessary. It is conceded that the plank flooring of the bridge was fastened down with 80-penny spikes, and that these spikes, due to the heavy travel on the road in question, would constantly protrude, in varying heights, above the level of the planking which they secured, witnesses for the plaintiff testifying

that they would project "from a half to two inches." While it appears that the projecting spikes were repeatedly driven down by the appellant, it is not disputed that they would quickly protrude again; and, while the department was well aware of that fact, the testimony indicates that it made no effort to permanently remedy this menace to the traveling public, and placed no signs to give warning of the condition of the bridge. Testimony for the plaintiff tended to show that the spikes, on the night of the accident, were protruding above the level of the plank flooring, and that, in crossing the bridge, and when nearly over same, a jar or bump, which "seemed to be in front," was felt by the plaintiff; that very quickly thereafter the automobile began to swerve from one side of the road to the other, and, at a distance of a little more than 300 yards from the bridge, it became unmanageable and went over the embankment. There was also testimony to the effect that an examination after the accident disclosed that the tire on the right front wheel had a "fabric break," a break on the inside of the tire, which is caused by its "coming in contact with some stationary object;" that, in case of a break of that kind, a hole will quickly be pinched in the inner tube by the broken fabric, causing an immediate collapse of the tire; that in the case at bar the hole pinched in the tube corresponded in size and place with the fabric break.

While no one actually saw the wheel of the automobile come into contact with a protruding spike on the bridge, we think that the facts and circumstances disclosed by the testimony above quoted correctly presented a question for the jury as to the reasonable probability that it did so and that plaintiff's injuries occurred in the way alleged by him. In *Moseley v. Southern Railway Company,* 164 S. C., 193, 162 S. E., 94, 95, 98, it was said: "The fact that an injury may have occurred in one of a dozen ways, of course, would not defeat a plaintiff's right of recovery if the evidence tended to sustain the reasonable probability of the one relied on. In a civil case the law does not require proof to a certainty."

As to the question of actionable negligence on the part of the defendant, the evidence undoubtedly required the submission of that issue to the jury.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.