15527

SMITH v. DURHAM LIFE INSURANCE COMPANY

(25 S. E. (2d), 247)

*Mr. O. L. Long,* of Laurens, S. C., Counsel for Appellant,

*Messrs. Blackwell, Sullivan & Wilson,* of Laurens, S. C., Counsel for Respondent,

April 13, 1943.

*Per Curiam:*

This was a suit upon the double indemnity for accident provision in a policy of insurance upon the life of Andrew G. Smith. The face amount of the policy, $500.00, was paid after the death of the insured to the beneficiary and this action by the latter was for an equal amount, $500.00 due in event of death by accident.

The insured was employed as a mechanic in the City of Florence and suffered an accident by which foreign matter got into his left eye and it became infected. He was a patient in a hospital for several days during which the eye was removed but he was having a good recovery from the opera-

tion and was scheduled to leave the hospital in a day or two. He was in a fifth floor, corner room, and from the diagram in evidence and other testimony it appears that the head of the bed was against the inside wall, with a window to its right, a door to the hall to its left and at the foot of the bed was another window and before it a steam radiator. To the patient's right of the bed, in the outside corner of the room was a lavatory, and to the left, in a corner of the room adjacent to the hall, was the closet. Between the lavatory and the closet were the window and radiator, and it was through this window that the decedent met death.

The space between the radiator and the foot of the bed was admittedly narrow, but the testimony is in conflict as to whether it was twelve or fifteen inches or as much as two "steps" in width; some witnesses said they had to turn sideways to pass through. Likewise the height of the radiator and adjacent window sill is in dispute, plaintiff's witnesses saying that they were quite low, one sat upon the radiator in comfort, while a witness for defendant placed the height at about three feet. All agree, however, that there was little if any difference between the height of the radiator and the bottom of the window, and the evidence indicates that the combined width of the radiator and the window sill and space between was about two and one-half feet.

There was uncontradicted evidence that the deceased was a happy and contented man, gratified at his good recovery, the continuance of his salary during his disability, and the prospect of early dismissal from the hospital; and there was no evidence of any cause or motive for suicide. He was wakeful in the early hours of the morning and a nurse had barely left his room when she heard a noise and returning found the wire window-screen loose and her patient gone. He was found on the pavement below with the back of the head bashed in, from which injury he died. There was no light in the room and the dim hall light was not opposite his door so the room was dark or almost so. The nurse could see

nothing from the window when she tried immediately after the occurrence.

The physician who examined his body, a witness for the defendant, found plain marks of the wire on the hands as if they had been pressed against it, and one of plaintiff's witnesses examined the screen from the outside of the building and said that it was left hanging awry, it being loose from one of its top supports. The nurse testified for the defendant that the screen was fastened on the side or sides when she was last in the room.

Plaintiff contended that the insured met death when attempting to pass in the darkness of the room, going to the lavatory, closet or bathroom in the hall, when he tripped óver the radiator or otherwise fell against the screen which gave way and resulted in his fatal fall from the window. It is not contended that the sash was not up.

The trial Judge refused motions for nonsuit and for directed verdict made by defendant upon the ground (preserved here by proper exceptions) that there was insufficient testimony for the jury to reasonably find that death resulted from accident, but they did so find, and the Court likewise refused a new trial upon substantially the same ground, whereupon defendant appealed to this Court. There is no other complaint of the conduct of the trial and no criticism of the instructions to the jury which included, in accord with appellant's request, a proper charge with respect to the doctrine of equipoise.

Appellant strongly urges the authority of *McMillan v. Insurance Company*, 194 S. C., 146, 9 S. E. (2d), 562, but it is not controlling for the facts were very different. There, among other differences, there was some evidence of emotional upset and the decedent died with the death weapon grasped in his hand, finger upon trigger.

This case was properly submitted to the jury, the usual finders of the facts in law cases, for there was evidence, which must be viewed on this appeal most

favorably to respondent, from which they could and did reasonably infer that the insured's otherwise unexplained death resulted from his accidental fall from the window. Wire screen marks upon his hands belie his loosening the fastenings of the screen, as did its position afterwards, and the admittedly narrow space in the dark room, between the foot of the bed and the adjacent radiator and window ledge, constituted a danger of entanglement and fall, particularly to one who had just had an eye removed by surgical operation. The wound on the back of the head also indicated an accidental fall rather than an intentional leap from the window.

Possibly there are other similar items of evidence, but those pointed out were sufficient, in our view, for submission to the jury of the issue and constitute a reasonable basis for the inference implied by their verdict, that the deceased met death by accident.

This is a case in which the cause of death is determinable only from circumstantial evidence. Not infrequently facts must be so found and it is not required in civil trials that the established circumstances reach such a degree of certainty of conclusion as to exclude every reasonable or possible deduction other than that included in the verdict. *Owens v. Ocean Forest Club,* 196 S. C., 97, 12 S. E. (2d), 839; *Eickhoff v. Beard-Laney, Inc.,* 199 S. C., 500, 20 S. E. (2d), 153.

For the reasons stated the exceptions are overruled.

Judgment affirmed.

Mr. Chief Justice Bonham, Messrs. Associate Justices Baker, Fishburne and Stukes, and Circuit Judge Wm. H. Grimball, Acting Associate Justice, concur.