17022

MARY WEATHERFORD WRIGHT, by G. A. L., Respondent, v.
M. L. GILBERT and MAGGIE GILBERT, Appellants

(88 S. E. (2d) 72)

C. *Carl Cook, Esq.,* of Hartsville, *for Appellants,*

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Respondent,*

June 23, 1955.

TAYLOR, Justice.

This appeal arises out of an action brought by the duly appointed committee of Mary Weatherford Wright and her *Guardian ad Litem* against the defendants for false imprisonment.

The matter was heard before the Court of Common Pleas for Darlington County at the January, 1954, Term of Court and resulted in a verdict for respondent in the sum of $24,-000.00 actual damages and $1,000.00 punitive damages. Timely motions were made for nonsuit, for a directed verdict, and for judgment *non obstante veredicto,* all of which were refused.

The questions as presented by appellants are: First, that there was not "sufficient real, material, pertinent, and relevant evidence to support the judgment of the lower Court"; second, that the trial Judge erred in admitting testimony on the part of the plaintiff as to oral statements made by plaintiff prior to the trial, which statements were self-serving and hearsay; and, third, that the judgment and verdict were excessive and the result of passion and prejudice.

A review of the record reveals that a sister of plaintiff, Maria Weatherford, was owner of a home on College Avenue, in Hartsville, South Carolina, and prior to her death executed a deed, dated April 9, 1943, conveying the premises in question to the appellant, Maggie Gilbert, reserving a life interest for the respondent, Mary Weatherford Wright. Maria Weatherford died in the Fall of 1943, leaving her sister, respondent herein, who at the time of trial was ninety-two years of age, as the lone occupant of the home. Appellants moved into the home in 1944 for the ostensible purpose of caring for respondent and this arrangement continued until 1951 when Mary Ruth Ivey, a distant relative of the Weatherfords, and some members of the First Baptist Church of Hartsville caused respondent to be removed to a hospital and thereafter to the home of Mrs. Ivey. Later, Mary Weatherford Wright, in the absence of Mrs. Ivey, returned to her old home where appellants lived but was again moved to the home of Mrs. Ivey by the committee.

There is evidence, which, if believed, the jury could have concluded, and it evidently did as its verdict was for the full amount sought, that Mary Weatherford Wright was so confined against her will and ill-provided for that people of the community became interested in her welfare and attempted to visit and provide for her from time to time. They were forbidden from time to time from seeing her but at times some of the callers did see and talk with respondent. They found her confined in a very unkempt room, infested with bedbugs, as described by one witness "by the millions": the bathtub was unusable, being used as a storage place;

stale food was found between the bedding, being stored by respondent because, as she stated, she "was always hungry"; her clothing consisted of old gowns and kimonos in an extremely soiled and unsanitary condition; she was kept in a state of fear of being poisoned and having her few remaining possessions, chairs, etc., sold by appellants; when such visitors called, appellants would interrupt and at times would call respondent from the room and on such occasions she would return agitated and frightened; she always talked in whispers so that appellants would not hear; she had been forbidden to answer the door because she was told that people would throw fire in her face; a white substance had been scattered near respondent's windows and she was told it was poison; appellant's control over respondent in her mental state was such that the committee was unable to exercise the duties of her position without the aid of the Courts.

Under the scintilla rule which prevails in South Carolina, if there is a scintilla of evidence, which is any material evidence that if true would tend to establish the issue in the mind of a reasonable juror, the case should be submitted to the jury for its consideration, *Woodle v. Brown,* 223 S. C. 204, 74 S. E. (2d) 914. And the trial Judge in passing upon motions for nonsuit, for direction of verdict, and for judgment *non obstante veredicto* must construe the testimony and the reasonable inferences to be taken therefrom most favorably to the opposing litigant. *Fagan v. Timmons,* 215 S. C. 116, 54 S. E. (2d) 536. Considering the foregoing motions, he was also confronted with the decision of this Court in *Westbrook v. Hutchison,* 190 S. C. 414, 3 S. E. (2d) 207, 209, wherein the following was quoted from *Comer v. Knowles,* 17 Kan. 436:

" 'The wrong may be committed by words alone, or by acts alone, or by both, and may be merely operating on the will of the individual, or by personal violence, or by both. It is not necessary that the individual be confined within a prison, or within walls, or that he be assaulted, or even

touched. It is not necessary that there should be any injury done to the individual's person, or to his character, or reputation. Nor is it necessary that the wrongful act be committed with malice, or ill-will, or even with the slightest wrongful intention'." *Westbrook v. Hutchison,* 195 S. C. 101, 10 S. E. (2d) 145. See also *Martin v. Houck,* 141 N. C. 317, 54 S. E. 291, 7 L. R. A., N. S., 255.

The first question should therefore be resolved against the contention of appellants.

Appellants also contend that it was error to admit testimony on behalf of plaintiff showing the state of mind of Mary Weatherford Wright in that such was self-serving and hearsay. These statements were admitted for the purpose of showing the state of mind of Mary Weatherford Wright and not to show the truth of the matter. However, it is unnecessary to decide whether such evidence was admissible or not as appellants went fully into the matter both on cross-examination and by way of offering similar evidence without reservation of objection and thereby cured any objection to such evidence as appellants had previously interposed. *Snipes v. Augusta-Aiken Ry. & Electric Corporation,* 151 S. C. 391, 149 S. E. 111; *Smith v. Metropolitan Life Ins. Co.,* 191 S. C. 310, 4 S. E. (2d) 270.

The verdict in this case is unquestionably large, but in our opinion not so excessive as to require the conclusion that the trial Judge was guilty of abuse of discretion in not granting a new trial on the grounds that the verdict was excessive and the result of passion and prejudice.

There is no fixed standard in such cases by which the Court may ascertain and characterize excessive verdicts. The assessment of unliquidated damages must rest in the sound discretion of the jury, controlled by the discretionary power of the trial Judge. There is no market value for injured feelings or wrongful invasion of one's rights of personal dignity; abusive treatment of any character is a matter in

which reasonable men may differ. Human liberty is difficult of measurement in dollars and cents, and this Court is unwilling to say that the trial Judge abused his discretion in not setting aside the verdict on the ground that it was excessive and the result of passion and prejudice. See *Currie v. Davis,* 130 S. C. 408, 126 S. E. 119; *Westbrook v. Hutchison, supra.*

For the foregoing reasons, we are of the opinion that all exceptions should be overruled and the Order appealed from affirmed; and it is so ordered.

Affirmed.

STUKES, OXNER and LEGGE, JJ., concur.

BAKER, C. J., not participating.