**Jessie Mae JEFFCOAT, Appellee,**

v.

**K–MART DISCOUNT STORES, a Division of S. S. Kresge Company, Appellant.**

**No. 15160.**

United States Court of Appeals, Fourth Circuit.

Decided March 11, 1971.

---

W. Ray Berry, Columbia, S. C., on brief for appellant.

Alexander M. Sanders, Jr. and Ralph C. Robinson, Jr., Columbia, S. C., on brief for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Defendant appeals the judgment of the district court awarding the plaintiff actual and punitive damages for false imprisonment upon a jury verdict in her favor.

■ Defendant's first assignment of error is that the plaintiff's evidence was insufficient to warrant the district court in submitting the case to the jury. We disagree. The plaintiff's evidence tended to show that she was wrongfully detained by the defendant's agents and when viewed in the light most favorable to the plaintiff, it was legally sufficient to support the jury's award of actual and punitive damages.

■ Defendant's second assignment of error is that the district court erred in refusing to charge certain of its requested instructions. In particular, defendant argues that the district court erred in refusing to charge S.C. Code Ann. § 16–359.4 (Supp.1970), which provides in part:

> In any action brought by reason of having been delayed by a merchant * * * for the purpose of investigation concerning the ownership of any merchandise, it shall be a defense to such action if: (1) The person was delayed in a reasonable manner and for a reasonable time to permit such investigation, and (2) reasonable cause existed to believe that the person delayed had committed the crime of shoplifting.

The requested instruction was properly refused. Defendant's evidence provided no factual basis for application of the statute. Its evidence was that plaintiff had not been delayed, there was no investigative purpose, and plaintiff was not suspected of shoplifting. We are not persuaded that in order to understand what constituted unlawful detention, the jury must be informed of what would constitute inapplicable lawful detention.

With respect to defendant's other requests to charge, we have carefully examined the briefs, the appendix, and the record and we conclude that the district court's refusal to charge these requested instructions did not constitute reversible error. Considering the charge as a whole, the respective positions of the parties, and the evidence produced at the trial, we think the district court correctly instructed the jury as to the applicable South Carolina law of false imprisonment. See, e. g., Prosser v. Parsons, 245 S.C. 493, 141 S.E.2d 342 (1965); Wright v. Gilbert, 227 S.C. 334, 88 S.E. 2d 72 (1955); Wingate v. Postal Telegraph & Cable Co., 204 S.C. 520, 521, 30 S.E.2d 307 (1944); Westbrook v. Hutchison, 195 S.C. 101, 10 S.E.2d 145 (1940).

Accordingly, for the reasons stated above, we deem oral argument unnecessary and affirm the judgment of the district court.

Affirmed.