17023

L. A. SCURRY, Appellant, v. INTERNATIONAL PAPER COM-
PANY and GILBERT T. FULTON, Respondents

(88 S. E. (2d) 256)

*Messrs. Thompson & Poteat* and *James B. Morrison,* of
Georgetown, *for Appellant,*

*Messrs. Hagood, Rivers & Young,* of Charleston, and
*H. L. Smith, Rosen & Rosen,* and *James B. Moore,* all of

Georgetown, *for Respondents,*

June 28, 1955.

OXNER, Justice.

Plaintiff, L. A. Scurry, brought this action to recover damages for personal injuries sustained in a collision between a Ford automobile driven by him and a truck owned by the International Paper Company and driven by its agent and servant, defendant Gilbert T. Fulton. The case is here on appeal by plaintiff from the action of the trial Judge in directing a verdict for the defendants at the close of the testimony. The questions for determination are whether there is any proof of actionable negligence on the part of the defendants and whether the plaintiff was guilty of contributory negligence as a matter of law.

The accident occurred around 1:00 P. M. on June 5, 1952, about one half mile east of the Town of Andrews on Highway No. 521. This is a paved highway and at the place of the accident is straight and level, with wide shoulders on each side. Both vehicles were being driven in an easterly direction. The truck, to which was attached a trailer loaded with pulpwood, was following the plaintiff's automobile. The plaintiff, who is engaged in the livestock business, was taking some feed to his hogs which were in a pasture near the scene of the accident. In the direction in which he was driving, the pasture was to his left. He intended to make a left turn and stop his car at the gate. There is a sharp conflict in the testimony as to the manner in which the accident occurred.

Plaintiff testified substantially as follows: He was traveling about fifteen miles per hour. When about 25 or 30 yards from the pasture gate, he observed through his rear-view

mirror a truck about 150 yards behind him driving at a very rapid rate of speed. In order to allow the truck to pass, plaintiff, after giving an appropriate signal, slowed down and proceeded to drive onto the right shoulder of the highway where he intended to stop and later make a left turn across the highway to the pasture gate. When he had reached a point where both of his right wheels were off the pavement, the truck struck the rear of his car, turning it upside down, after which the truck proceeded for a distance of 25 or 30 feet and stopped on the right-hand side of the highway.

The version given by defendant Fulton, the driver of the truck, was to the following effect: He was traveling about 20 or 25 miles an hour. When about 100 yards back of the car, plaintiff pulled to the left lane of the highway. Fulton blew his horn. Plaintiff then pulled to the right and drove off the pavement. As Fulton, driving about the middle of the highway, was passing the car, plaintiff suddenly and without warning made a sharp left turn and drove into the right side of the truck, the left front fender of the car striking the "battery carrier", located about midway the truck. Several other witnesses who testified for defendants corroborated the foregoing testimony. However, one of them on cross examination admitted that he had previously stated to plaintiff's counsel that he did not know how the accident happened. Plaintiff also sought to contradict defendant Fulton's testimony by a witness who said that about thirty minutes after the accident, Fulton asked him to call the International Paper Company. He then asked Fulton how the accident occurred, to which Fulton replied that "he did not know"; and that "he (Fulton) had started around the car and all of a sudden he heard the accident."

It is apparent from the foregoing review of the testimony that the question of defendants' negligence and plaintiff's contributory negligence depend upon whether the story of the accident told by the plaintiff is a true description of the conditions under which it occurred,

or whether that told by the driver of the truck and other witnesses for the defendants is true. If plaintiff's version is accepted, a jury can infer that the proximate cause of the accident was the negligence of the truck driver. If defendants' version is accepted, undoubtedly plaintiff was guilty of contributory negligence as a matter of law. The jury is the proper tribunal to pass upon this conflicting evidence.

It is argued that the plaintiff's testimony must be rejected as contrary to the physical facts. In support of this position, our attention is called to the testimony of several of the defendants' witnesses to the effect that they found no mark on the front of the truck and that all the damage was about the middle of the right side. (Defendants did not produce a picture of the truck.) It is the province of the jury to pass upon the credibility of the foregoing testimony. Apart from this, however, under all the circumstances we cannot say as a matter of law that the facts mentioned conclusively show that the plaintiff's testimony is manifestly false. It should be further mentioned that plaintiff introduced in evidence photographs of the car which he says corroborate his contention that the truck struck the left rear of his car. Defendants argued that these pictures sustain their version of the accident. But we think the inferences to be drawn therefrom are for the jury. It has been stated: "So frequently do unlooked-for results attend the meeting of interacting forces that courts should not indulge in arbitrary deductions from physical law and fact except where they appear to be so clear and irrefutable that no room is left for the entertainment, by reasonable minds, of any other." 20 Am. Jur., Evidence, Section 1183.

The Court erred in directing a verdict for the defendants. Judgment reversed and case remanded for a new trial.

STUKES, TAYLOR and LEGGE, JJ., concur.

BAKER, C. J., did not participate.