### 17275

GEORGE C. HOWLE, Plaintiff-Appellant, v. J. G. WOODS, d/b/a Woods Pontiac, and Charles Woods, Defendants-Respondents

(97 S. E. (2d) 205)

*Messrs. LeRoy Want,* of Darlington, and *John F. Hussey,* of Florence, *for Appellant,*

*Robert L. Kilgo, Esq.,* of Darlington, *for Respondents,*

March 15, 1957.

G. DUNCAN BELLINGER, Acting Associate Justice.

This appeal arose out of an automobile collision which occurred on the night of April 13, 1955, in which both automobiles were badly damaged. The plaintiff-appellant's complaint seeks property damages to plaintiff-appellant's automobile.

From the record in the case, it appears that the case was tried before Honorable Malcolm K. Johnson, Judge of the Civil and Criminal Court of Darlington and a jury and resulted in a verdict for the defendant-respondents. For reasons not here material, a new trial was granted. The case again came on for trial before Judge Johnson and a jury.

At the close of the testimony, the plaintiff-appellant made a motion for a judgment in his favor in the sum of $2,795.

The grounds of the motion briefly summarized are that the proximate cause of plaintiff-appellant's damage was the violation by the defendants-respondents of the following statutes, to wit:

"(a) Section 46-384, in failing to sound his horn so that plaintiff's driver would be called upon to yield the right-of-way.

"(b) Section 46-582, in failing to sound horn when necessary for safe operation.

"(c) Section 46-361, in driving at a speed greater than was reasonable and prudent under the circumstances and without regard to the actual and potential hazards then existing.

"(d) Section 46-393, in following another vehicle 'more closely than is reasonable and prudent' without 'due regard for the speed of such vehicle'."

Judge Johnson overruled plaintiff-appellant's motion for a directed verdict and submitted the case to the jury. Again the jury found for the defendants-respondents.

Thereafter the plaintiff-appellant moved for judgment notwithstanding the verdict or in the alternative for a new trial upon the same grounds as his motion for a directed verdict. That motion was overruled.

Plaintiff-appellant then appealed to the Court of Common Pleas for Darlington County upon the same grounds upon which his motion for a directed verdict was based. The appeal came on to be heard before the Honorable J. Woodrow Lewis, Resident Judge of the Fourth Judicial Circuit. After argument of counsel, Judge Lewis, in a well-considered order which will be reported herewith, ordered that the appeal be dismissed. The case is now before this Court on appeal from the order of Judge Lewis.

The evidence adduced in the Civil and Criminal Court of Darlington in the trial of the case is not produced nor summarized in the transcript of record, nor in the briefs of plaintiff-appellant or that of defendants-respondents. However, in

the order of Judge Lewis, it is to be gathered that the following is the evidence produced at the trial:

That the defendants-respondents overtook and passed the automobile of the plaintiff-appellant while both were proceeding in the same direction; that the defendants-respondents' automobile was operating within the maximum permissible speed limit, which evidence is not contradicted by any other evidence; that the road was straight and visibility was not obstructed. There was no positive evidence that the defendants-respondents violated the speed law; that there was no intersection, hill crest, bridge or other road condition that would deny the defendants-respondents the right to pass the automobile of the plaintiff-appellant; that the plaintiff-appellant's automobile was in the left-hand lane of the road, driving at a moderate speed; that no signal indicating a turn was given by the operator of the plaintiff-appellant's automobile; that the defendant-respondent Charles Woods blinked his lights to indicate his presence and proceeded to pass the plaintiff-appellant's automobile in the left-hand lane as provided by law; that an instant before the impact, the plaintiff-appellant's automobile was turned suddenly in the path of defendants-respondents' automobile.

To the Order of Judge Lewis affirming the judgment of the lower Court, the plaintiff-appellant takes numerous exceptions, which it is not necessary to set out in detail for all of the exceptions raised are embodied in the three questions submitted by the plaintiff-appellant and concurred in by the defendants-respondents, as to the questions to be determined by the Court in this appeal:

1. Do photographs showing both cars to be total wrecks prove conclusively that driver of overtaking car involved in nighttime highway accident was negligent in some degree?

2. Does failure to sound horn in passing on the highway prove negligence by overtaking driver when his car is wrecked in collision with car turned suddenly into his path?

3. Do these factors, undisputed and taken alone, prove negligence on the part of driver of overtaking car in highway accident when passing another car:

(a) Overtaking car said to be going not over 55 MPH.

(b) Road wet or damp; moisture on windshield; visibility clear.

(c) Overtaking car's driver saw car ahead for more than half a mile.

(d) Overtaking car's driver did not sound horn but did give blinking lights signal (bright to dim, dim to bright).

(e) Pictures of cars showed both to be totally demolished?

The answer of the defendants-respondents denied the material allegations of the complaint and then alleges that plaintiff-appellant's damage was caused by plaintiff-appellant's sole negligence in making an improper left turn on a heavily traveled main highway, without giving a signal, when the automobile driven by the defendant-respondent Charles Woods was in plain and unobstructed view with lights burning, and in other particulars.

The plaintiff-appellant admits negligence on his part in turning sharply to the left without giving any signal of his intention to do so. He takes the position that it was not his negligence that brought about the collision with the resulting damages to him, but that it was the negligence of the defendants-respondents which was the direct and proximate cause of the resulting damages to plaintiff-appellant's automobile.

Whose negligence was the direct and proximate cause of plaintiff-appellant's damages? That is the pivotal question of this appeal. Can it be said that only one reasonable inference can be drawn from the testimony, and that is that plaintiff-appellant's damages were of the direct and proximate result of the negligent acts of the defendants-respondents? We think not. As Judge Lewis pointed out in his order: "Under the testimony in this case the jury could well have concluded that plaintiff's failure to give proper signals before turning into the left-hand lane was the sole cause of the collision."

In *Wynn v. Rood,* 228 S. C. 577, 91 S. E. (2d) 276, 278, we said:

" * * * But we think the question of whether any negligence in this respect contributed as a proximate cause of respondent's injury and damage was properly submitted to the jury. *Coney v. Cox,* 165 S. C. 26, 162 S. E. 596, * * *. 'It is firmly established in this jurisdiction that if the inferences properly deducible from the evidence are doubtful, or if they tend to show both parties guilty of negligence or wilfulness, and there may be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury.' *Harrison v. Atlantic Coast Line R. Co.,* 196 S. C. 259, 13 S. E. (2d) 137, 141."

*Dawson v. South Carolina Power Co.,* 220 S. C. 26, 66 S. E. (2d) 322; *Cook v. Norwood,* 217 S. C. 383, 60 S. E. (2d) 695; *Jennings v. McCowan,* 215 S. C. 404, 55 S. E. (2d) 522; *Thompson v. Southern Ry. Co.,* 208 S. C. 49, 37 S. E. (2d) 278; *Norwood v. Atlantic Coast Line R. Co.,* 203 S. C. 456, 27 S. E. (2d) 803; *Culbertson v. Johnson Motor Lines,* 226 S. C. 13, 83 S. E. (2d) 338.

In *Moorer v. Dowling,* 216 S. C. 456, 58 S. E. (2d) 734, 735, this Court laid down the following rule:

"Not only should consideration of the facts be submitted to the jury when they are in dispute, but the jury must also pass on the questions of inference to be drawn from such facts after they have been determined. * * *

"Under the scintilla rule which prevails in South Carolina, if there is a scintilla of evidence, which is any material evidence that, if true, would tend to establish the issue in the mind of a reasonable juror, the case should be submitted to the jury for its determination. * * * "

We have carefully read and considered the authorities relied upon by plaintiff-appellant, none of which would warrant the Court in directing a verdict for plaintiff-appellant under the facts of this case.

Since under the facts of this case more than one reasonable inference may be drawn as to whose negligence contributed as a direct and proximate result to the damages complained of, Judge Johnson properly submitted the case to the jury. This appeal must, therefore, be dismissed and judgment appealed from affirmed. Let a copy of Judge Lewis' order be reported herewith.

Judgment affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.