17362

J. CHARLES WOODS, Appellant-Respondent, v. JOHN ELLIS
WILHELM, Adm'r, Respondent-Appellant
(101 S. E. (2d) 252)

*Messrs. Robert L. Kilgo,* of Darlington and *Hugh L. Willcox,* of Florence, *for Appellant,*

*Messrs. James P. Mozingo, III, Benny R. Greer* and *Archie L. Chandler,* of Darlington, *for Respondent,*

December 9, 1957.

Legge, Justice.

This action arose out of a collision between two automobiles about eleven o'clock on the night of April 13, 1955, on Highway 76, some five miles west of the city of Florence, South Carolina. At and near the place of the accident the pavement of the highway is approximately twenty-two feet in width. Both cars were proceeding westward, and the collision occurred as the Pontiac car, driven by the plaintiff, was attempting to pass the Buick, driven by defendant's intestate. The complaint alleged that the collision and the injuries sustained by the plaintiff as its result were caused by the negligence and recklessness of defendant's intestate in suddenly and without warning turning the Buick to the left and into the path of the Pontiac as the latter was overtaking

and in the act of passing it. The defendant pleaded a general denial and contributory negligence and recklessness, and interposed a counterclaim for the death of his intestate, which he alleged had been caused by the plaintiff's negligent and reckless operation of the Pontiac. The plaintiff, replying to the counterclaim, denied that he had been negligent or reckless, and pleaded contributory negligence and recklessness on the part of the defendant.

The case came on for trial at the December, 1956, term of the court of common pleas for Darlington County. Defendant's motion for nonsuit was denied. At the close of all the testimony the presiding judge on defendant's motion directed a verdict against the plaintiff, and on plaintiff's motion directed a verdict against the defendant on his counterclaim. Both parties have appealed.

In granting the motions before mentioned, the presiding judge held that the only reasonable inference from the evidence was that the collision had resulted from negligence and recklessness on the part of both parties—the plaintiff in attempting to pass the Buick without giving an audible signal, in violation of Sections 46-384 and 46-582 of the 1952 Code, and the defendant in turning the Buick to the left without exercising due care to determine whether or not another motor vehicle was about to overtake and pass it.

The plaintiff, who was alone in the Pontiac, testified that he was driving on the right side of the highway, at a speed between fifty and fifty-five miles per hour; that the road was straight and level and the view ahead unobstructed; that he saw the Buick, also on the right side of the highway, about a mile ahead; that when he was some five hundred feet behind the Buick he blinked the lights of the Pontiac twice by way of signal that he was going to pass; that he did not blow his horn; that just as he was about to pass the Buick turned to its left in front of the Pontiac; that, although he veered to the left in an effort to avoid a collision, he was unable to do so; and that the right front fender of the Pontiac struck the left front door of the Buick, where-

upon the two cars "locked together" and after thus proceeding some distance came to rest on the left shoulder of the highway.

There were two occupants of the Buick car, the driver, Charles Wilhelm, was was killed, and Miss Jeannette Norwood, now Mrs. McNeill. She testified that at the time of the collision the Buick was traveling about thirty or forty miles an hour and was in the right-hand lane; that it did not turn to the left; that it was suddenly overtaken and struck from behind by the Pontiac; and that she heard no horn, saw no lights flashing behind the Buick, and did not see the Pontiac at all before the collision. The defendant also introduced in evidence, as tending to show that the Buick had been struck in the left rear from behind, certain photographs of the two vehicles; and, on the same point, the testimony of an automobile mechanic who, after the wreck, had towed the Buick to his repair garage.

We think that the conflict in the evidence before mentioned required submission to the jury of the issues of negligence and recklessness raised by the pleadings on both sides. Because of such conflict, those issues could not be resolved without passing upon the credibility of the witnesses, the weight to be accorded the testimony of each, and the inference or inferences to be drawn from such testimony as well as from the photographic exhibits—matters peculiarly within the province of the jury. On the defendant's motion for a directed verdict, the trial judge was required to assume the plaintiff's evidence to be true; on the plaintiff's motion, to assume the defendant's evidence to be true. It was error in the instant case to direct a verdict for either party.

*Howle v. Woods*, S. C., 97 S. E. (2d) 205, which arose out of the same collision, was decided after the trial of the case at bar. It was an action for property damage by the owner of the Buick against the owner and the operator of the Pontiac. In that case it appears that the plaintiff admitted that the driver of this car (the Buick) had

negligently turned it to the left just before the collision, but the plaintiff contended that the collision had resulted not from that negligent act but from the negligence of the driver of the Pontiac in driving too fast (Section 46-361), in following the Buick too closely (Section 46-393), and in admittedly failing to sound his horn (Sections 46-384, 582), in violation of the code sections just mentioned. Upon that ground the plaintiff moved, at the close of the testimony, for a directed verdict, and, after this motion had been denied and the jury had found for the defendant, for judgment *n. o. v.;* but denial of these motions by the presiding judge (of the Civil and Criminal Court of Darlington) was affirmed on appeal by the circuit court, and thereafter by this court. As pointed out in that case, Sections 46-384 and 46-582, construed together, require that the horn of an overtaking vehicle be sounded, not under all circumstances, but only where conditions are such that the sounding of a horn is reasonably necessary to insure the safe operation of the vehicle.

In the present case there was no admission of negligence on the part of the driver of the Buick; the surviving occupant of the car categorically denied that its driver had turned it to the left. The driver of the Pontiac testified as positively that the Buick had suddenly turned to the left without warning. The factual issue thus made was clearly for determination by the jury. So also, in our opinion, was it for the jury, not the court, to evaluate the photographic exhibits and draw their own inferences therefrom. *Scurry v. International Paper Co.,* 227 S. C. 392, 88 S. E. (2d) 256.

Reversed and remanded for new trial.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.