NATIONWIDE MUTUAL INSURANCE
COMPANY, a corporation, Appellant,

v.

James F. De LOACH, Appellee.

No. 7764.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 6, 1959.

Decided Jan. 15, 1959.

James P. Harrelson, Walterboro, S. C.,
for appellant.

George Warren, Hampton, S. C. (Warren & Warren, Hampton, S. C., on the brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BOREMAN, District Judge.

BOREMAN, District Judge.

■ Appellee, plaintiff below, was injured as the result of a collision between a small Volkswagon automobile, owned and operated by him, and a State of South Carolina school bus, carrying children to school, insured by the appellant, defendant below. The case was tried before the Court without a jury and resulted in a finding and judgment for the appellee for $6,269.00. The amount of damages is not here challenged, the same having been agreed upon in the event of a determination in favor of the appellee.

The accident occurred on a straight hard-surfaced roadway leading out of Estill, South Carolina, shortly after eight o'clock in the morning on January 2, 1956. Appellee was on his way to a deer hunt, preceding a car driven by one J. R. Roberts and in which appellee's father was a passenger. After following the school bus for a distance of a block or more, the Volkswagon attempted to pass the bus which was proceeding slowly on the right side of the roadway. Before the intended passing had been accomplished, the bus turned abruptly to the left to enter a roadway leading to a school, and the left front portion of the bus collided with the right door of appellee's automobile, overturning the Volkswagon and resulting in injuries to the appellee and damages to his automobile. It was undisputed that appellee gave no audible signal by blowing the

horn before or while attempting to pass the bus.

It is not necessary to recite certain facts which were stipulated. The evidence was conflicting as to whether the lady driver of the school bus gave any signal of intention to make the left turn across the highway. The bus driver testified that she could not see the roadway to the rear through the rear view mirror in the interior of the bus because of the children passengers, but that she looked in the exterior mirror on the left of the bus. She did not see the Volkswagon until it had turned over. She testified that the signal lights indicating a left turn were in operation. Other witnesses, school employees, testified that the signal lights were observed in operation immediately before and following the collision. According to other testimony, the automobile following behind the Volkswagon was also attempting to pass the bus at the time of the accident, and both occupants testified that there was no signal of any kind from the bus to indicate a left turn. Appellee did not testify because of his physical condition. School buildings were located "some distance from" and to the left of the highway. The evidence was conflicting as to whether or not a sign was then in place indicating a school zone. Appellant contends that the statutes of South Carolina [1] required the appellee to give an audible signal, by blowing his horn, of his intention to pass the bus and that the statutory violation is negligence *per se,* admitting at the same time that such violation must be the cause of the resulting accident.

The two sections of the South Carolina Code quoted under footnote 1 have been construed by the Supreme Court of South Carolina in the case of Woods v. Wilhelm, 232 S.C. 108, 101 S.E.2d 252, 254. The Court held that:

"* * * Sections 46–384 and 46–582, construed together, require that the horn of an overtaking vehicle be sounded, not under all circumstances, but only where conditions are such that the sounding of a horn is reasonably necessary to insure the safe operation of the vehicle."

Affirmed in the above cited case was the earlier decision of the same court in Howle v. Woods, 231 S.C. 75, 97 S.E.2d 205, 206, in which the court stated:

"It is admitted that the defendant overtook and passed the automobile of plaintiff while both were proceeding in the same direction. Plaintiff cites Code Sections 46–384 and 46–582 as holding that the defendant was required to sound his horn before passing plaintiff's automobile. Reading these two sections together, I do not conclude that there is contained therein a requirement that an overtaking vehicle should sound its horn under all circumstances; but, on the other hand, requires the sounding of a horn on all occasions when it is reasonably necessary under the conditions existing

---

1. Code Laws of South Carolina, 1952.

"§ 46–384. Overtaking a vehicle on the left.

"The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions and special rules hereinafter stated:

"(1) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle; and

"(2) Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."

"§ 46–582. Use of horn.

"The driver of a motor vehicle shall, when reasonably necessary to insure a safe operation, give audible warning with his horn but shall not otherwise use such horn when upon a highway."

to insure the safe operation of a vehicle. There is no evidence in this case that anything occurred which would be calculated to put the defendant on notice that he should sound his horn. However, the trial court properly submitted this particular fact question as to reasonable necessity to the jury, whose finding was adverse to the contention of the plaintiff."

Counsel for appellant argue that the trial court wholly failed to consider the fact that appellee did not blow his horn when attempting to pass the bus since the findings of fact omit all reference to this alleged statutory violation. With this argument we must disagree. The appellee was charged with negligence in another particular, namely, in attempting to pass a loaded school bus in a school zone without keeping a proper lookout for his own safety and the safety of others lawfully and properly using the highway at the time and place, but the trial court's findings contain no specific reference to such charge.

The trial judge prepared findings of fact and conclusions of law, as required by Rule 52(a) Federal Rules of Civil Procedure, 28 U.S.C.A., and determined that the proximate cause of appellee's injuries and automobile damage was the negligence of the school bus driver. Certain pertinent statutory provisions are set forth below in footnote 2. The lower court's findings of fact include the following:

"7. No signal or warning of a left turn was given by the driver of the school bus.

"8. When the plaintiff's automobile had almost passed the bus, the bus suddenly swerved to the left and into the side of plaintiff's automobile. The bus driver did not see plaintiff's automobile until it had turned over.

"11. There was no causal connection between the speed of any of the automobiles and the collision, and the proximate cause of the collision was the sudden turning of the bus to the left without signals or warnings."

Under "Conclusions of Law" are the following:

"1. The proximate cause of plaintiff's injuries and damage was the negligence of the school bus driver in swerving the bus to the left without warning or signals of any kind.

"2. The plaintiff was not guilty of contributory negligence."

As the trial court made certain specific determinations with reference to the proximate cause of the collision and concluded that the plaintiff was not guilty of contributory negligence, we can only assume that the trial judge considered all charges of negligence asserted against the appellee. Rule 52(a) of Rules of Civil Procedure provides:

" * * * Findings of fact shall not be set aside unless clearly erro-

---

2. Code Laws of South Carolina, 1952.

"§ 46-405. General rule for turning movements.

"No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon a roadway as required in §§ 46-402 and 46-403 or turn a vehicle to enter a private road or roadway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety."

"§ 46-407. Method of giving hand-and-arm signals.

"All signals herein required given by hand and arm shall be given from the left side of the vehicle in the following manner and such signals shall indicate as follows:

"(1) Left turn, hand and arm extended horizontally; * * *"

"§ 46-408. Signals may be by hand and arm or signal devices.

"Any stop or turn signal when required herein shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device, but when a vehicle is so constructed or loaded that a hand-and-arm signal would not be visible both to the front and rear of such vehicle then such signals must be given by such lamp or lamps or signal device."

neous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * * "

■ No citation of authority is necessary to support the repeated holding of this Court that the trial court's resolutions of questions of fact on conflicting evidence are entitled to great weight and will not be reversed except for plain error. On the entire record, we are not left with the definite and firm conviction that the findings of the trial court are clearly erroneous. Therefore, the judgment below is

Affirmed.