**Richard L. GLASSCOCK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8888.**

United States Court of Appeals
Fourth Circuit.

Argued March 29, 1963.

Decided Sept. 23, 1963.

Charles Haden and Charles Haden, II, Morgantown, W. Va. (Haden & Haden and Michael Tomasky, Morgantown, W. Va., on the brief), for petitioner.

James McConnell Harkless, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Solomon I. Hirsh, Atty., N. L. R. B., on the brief), for respondent.

Before HAYNSWORTH, BRYAN and BELL, Circuit Judges.

Martin E. Gerel, Washington, D. C. (Lee C. Ashcraft and Joseph H. Koonz, Jr., Washington, D. C., on brief), for appellant.

MacDougal Rice, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and PREYER, District Judge.

PER CURIAM.

This is an appeal by Richard L. Glasscock, the plaintiff, from a judgment for the defendant in his action under the Federal Tort Claims Act. The District Court found no primary negligence on the part of the defendant and found alternatively that plaintiff was barred by his own negligence.

On October 16, 1959, the plaintiff was seriously burned while engaged as a lineman for the Seal Electric Company on defendant's property at Fort Belvoir, Virginia. The defendant had awarded a contract to the Seal Electric Company to convert the then existing power line at Fort Belvoir from 2300 to 4160 volts. The lines had been installed several years before the accident.

On the day of the accident the plaintiff and two co-workers were in the process of changing a crossarm on a power pole. The plaintiff and a co-worker, Stafford, both experienced linemen, ascended the pole. "All exposed equipment had been covered with protective line hose, hoods and rubber blankets, linemen were wearing rubber gloves and the plaintiff was working from a safety platform."[1] The men were transferring cutouts and lightning arrestors to the new crossarm. The plaintiff had placed a rubber blanket on his right side where the cable ran from the pole by wrapping the blanket around the cable. He laid another blanket between two cutouts, the outside cutout and the middle cutout on the left side of the pole as he faced it. The plaintiff's testimony was to the effect that he could not wrap this area because of the wire running from the lightning arrestor to the middle cutout. Because of the interfering wire, he folded the rubber blanket over the other wire in this area and secured it with three clothes pins.

During the course of his work the plaintiff was required to tighten a connection in the cutout box. To perform this operation he used a ratchet wrench. In so doing, the handle of the ratchet wrench, which was not insulated, entered the folds of the blanket secured by the clothes pins and came in contact with an improperly-taped split bolt connector causing a short circuit.[2] The resulting arc and flash severely burned the plaintiff.

■ The evidence before the court was sharply conflicting: that of the plaintiff tended to show that he had properly used the apparatus furnished him for his own safety, while that of the

---

1. Page two of Memorandum Opinion of the District Judge [207 F.Supp. 318, 320].

2. There was no direct evidence as to how the accident occurred. The metal ratchet wrench was 7½ inches in length. The split-bolt connector was approximately six or eight inches from the cutout box. About an inch on the end of the ratchet handle was blackened or burned. The rubber and leather gloves worn by plaintiff were neither blackened nor burned.

defendant tended to show the contrary. The district court decided that the defendant was not guilty of any negligence. It also decided that the plaintiff's negligence was the proximate cause of his injury. As in our opinion there is substantial evidence from which the district court might properly draw this latter conclusion, it will not be necessary to examine the court's finding with respect to negligence on the part of the defendant. The district court found that the accident occurred because the plaintiff had in fact permitted the metal handle of his wrench to enter the folds of the insulating blanket and thereby come into contact with the energized high tension wire. This finding can also be supported from the testimony of the expert that the plaintiff had not properly wrapped the wire in question with the insulating blanket in such a manner as to prevent the contact which subsequently took place. From all of the facts and circumstances the district court drew the inference that it was the plaintiff's negligence which was the proximate cause of the accident and his resulting injury.

Rule 52(a) of the Federal Rules of Civil Procedure requires us to sustain findings of fact made by the district court unless clearly erroneous, and we are admonished to give due regard to the opportunity of the trial court to judge the credibility of witnesses. As this court said in Nationwide Mutual Insurance Co. v. De Loach, 262 F.2d 775, 778 (4 Cir., 1959):

"No citation of authority is necessary to support the repeated holding of this Court that the trial court's resolutions of questions of fact on conflicting evidence are entitled to great weight and will not be reversed except for plain error."

While the majority of this court might be inclined to draw a contrary inference, we cannot say that the inferences drawn by the district court with respect to the plaintiff's negligence were not supported by substantial evidence and, therefore, clearly permissible.

We are, therefore, required to accept the finding that the plaintiff was guilty of negligence which was the proximate cause of his injury.

Affirmed.