**Garris S. McFADDEN, Appellant,**

v.

**BALTIMORE STEAMSHIP TRADE ASSOCIATION et al., Appellees.**

**No. 73-1280.**

United States Court of Appeals, Fourth Circuit.

Submitted July 12, 1973.

Decided Aug. 30, 1973.

Whitworth Stokes, Washington, D. C., on brief for appellant.

A. Adgate Duer, Barrett W. Freedlander, Niles, Barton & Wilmer, Baltimore, Md., on brief for appellees Steamship Trade Association of Baltimore, Inc., and Terminal Shipping Co.

Anthony A. Abato, Jr., Cosimo C. Abato, Bracken & Abato, P. A., Baltimore, Md., on brief for appellees International Longshoremen's Assn., Local 953 and International Longshoremen's Assn.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

This appeal is from a judgment dismissing a complaint for damages and injunctive relief filed in the district court by Garris S. McFadden against the International Longshoremen's Association, one of its locals, and the Terminal Shipping Company. In his complaint McFadden alleged that the ILA and Local 953 denied him membership in the local and employment as a checker because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the Civil Rights Act of 1964, 42 U.S.C. § 1981. In addition he alleged that Terminal fired him from employment in retaliation for filing charges of discrimination in 1969 against Terminal, the Steamship Trade

Association of Baltimore, Inc.,[1] and a number of other stevedoring companies in Baltimore, in violation of 42 U.S.C. § 2000e-3(a). The case was tried before the district judge who found that McFadden was not entitled to the relief sought and entered judgment for the defendants, 352 F.Supp. 403. Specifically, the court found that the denial of membership in Local 953 to McFadden was in no way arbitrary or discriminatory or that the unions in question breached their duty to fairly represent him in obtaining membership. The court further found that contrary to McFadden's assertion of retaliation he was fired for pilferage. We think the record fully supports these findings and we refuse to upset them as clearly erroneous. See Glasscock v. United States, 323 F.2d 589 (4th Cir. 1963).

Accordingly, we grant the motion for summary affirmance and affirm the judgment.

Affirmed.

---

1. Initially STA was named as a defendant, the allegation being that it was involved in the alleged discriminatory practices on the part of ILA and Local 953. The district court, however, found that it was not an indispensable party to the suit and granted STA's motion for summary judgment. In view of our holding we find no need to consider the correctness of STA's dismissal from the suit.