**Salvatore NOTO, Plaintiff,**

v.

**JFD ELECTRONICS CORPORATION, Defendant.**

**No. 77–0023–CIV–5.**

United States District Court, E. D. North Carolina, Raleigh Division.

Feb. 13, 1978.

Jean Wilson, Wilson & Mercer, Durham, N.C., for plaintiff.

Robert Spearman & Nancy Bentson Essex, Sanford, Cannon, Adams & McCullough, Raleigh, N.C., for defendant.

## ORDER

DUPREE, District Judge.

This age discrimination action is before the court on defendant's motion to dismiss based on plaintiff's alleged failure to comply with the administrative notice provision of 29 U.S.C. § 626(d)(1). For purposes of the motion, the facts are as follows: Plaintiff was given notice of termination by defendant on February 7, 1975, and worked his last day on that date. Defendant used this date to compute plaintiff's accrued severance and vacation pay; payment of these amounts was in four installments, with the last received by plaintiff on March 9, 1975. Shortly thereafter, plaintiff sought advice from a staff attorney of the Durham Legal Aid Society who, on July 24, 1975, telephoned an official in the Department of Labor concerning plaintiff's case. The parties dispute the contents of this oral communication; plaintiff asserts that oral notice of intent to sue was given, while defendant contends that plaintiff's original counsel only made an informational inquiry. On August 25, 1975 written notice of plaintiff's intent to sue was lodged with the Department of Labor.

On these facts, defendant contends that: (1) the "alleged unlawful practice", i. e., plaintiff's discharge, occurred on February 7, 1975 rather than March 9, 1975; (2) oral notice is insufficient to satisfy the 180-day requirement of 29 U.S.C. § 626(d)(1); (3) the 180-day requirement is jurisdictional and thus may not be disregarded for equitable reasons; and (4) assuming arguendo that oral notice may satisfy the notice requirement, insufficient notice was given in this case.

### Termination Date

Plaintiff relies on *Moses v. Falstaff Brewing Company*, 525 F.2d 92 (8th Cir. 1975), for the proposition that the 180-day notice period is triggered by the date on which severance pay was last received rather than the day the discharge occurred. *Moses* is not controlling; there, the plaintiff remained an employee until eighteen days following her notice of termination, splitting the period between work and vacation. The unrefuted evidence in this record demonstrates that plaintiff was terminated for all purposes on February 7, 1975, with his rights to severance and vacation pay vesting on that date. On an indistinguishable fact situation, the Third Circuit has declined to accept plaintiff's theory of when the allegedly unlawful practice occurred:

> "While no simple rule can be formulated, where unequivocal notice of termination and the employee's last day of work coincide then the allegedly unlawful act will be deemed to have occurred on that date, notwithstanding the employee's continued receipt of certain employee benefits such as periodic severance payments or extended insurance coverage." *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3rd Cir. 1977).

Thus the court concludes that the 180-day period began to run against plaintiff on February 7, 1975, rendering the August 25, 1975 written notice untimely.

### Oral Notice

29 U.S.C. § 626(d)(1) provides that: "No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred . . . ."

Although the statute does not expressly require written notice, defendant contends that it does so impliedly through its requirement of filing. *Hughes v. Beaunit*, 12 EPD ¶ 11,092 (E.D.Tenn.1976), supports this

view. Plaintiff finds solace in *Woodford v. Kinney Shoe Corporation*, 369 F.Supp. 911 (N.D.Ga.1973), which holds that the statute allows leeway for an oral "filing". Definitive appellate authority on this point is absent.

The Department of Labor apparently has not promulgated regulations spelling out the form or contents of the required notice. The only guidance given by the Department is a 1968 opinion letter reading in pertinent part:

"No particular form is needed to notify the Secretary of Labor of an intent to file suit under the Age Discrimination in Employment Act. However, such notice should be provided in writing and addressed to Department of Labor."

Although the interpretation of the Department of Labor is entitled to deference, the meaning of the opinion letter is unclear. However, an oral filing is not precluded, since notice "should" be in writing (not "must"), and "no particular form is needed."

A comparison with the earlier-adopted analogous provision of Title VII is instructive. Like the ADEA, Title VII requires that a charge "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e). However, language conspicuously absent from the ADEA appears in Title VII: "Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b). Thus Congress is aware of the appropriate language to use when it unequivocally desires to make written notice the only permissible mode. Its failure to adopt this language in the subsequently-passed ADEA aids plaintiff's position.

Given the ambiguous interpretation of the Department of Labor and the clear departure in the ADEA from the mandatory language of Title VII, the court concludes that 29 U.S.C. § 626(d)(1) does not preclude oral notice of intent to sue. "Certainly, the idea of 'filing' an oral complaint or notice does not . . . stretch the word beyond the range of its ordinary meaning and usage." *Woodford, supra*, at 915. This is particularly true where the notice serves not to institute a formal judicial proceeding, but rather to trigger a conciliatory administrative investigation. Thus timely oral notice of intent to sue is a sufficient predicate for this court's jurisdiction.

*Jurisdictional Nature of 180-Day Period*

Plaintiff asserts that the 180-day period is not strictly jurisdictional but may be tolled or non-compliance excused by a court of equity. Although the Fourth Circuit has not addressed this issue, it interprets the analogous provision of Title VII as strictly jurisdictional. *McFadden v. Baltimore S. S. Trade Association*, 352 F.Supp. 403 (D.Md.), aff'd, 483 F.2d 452 (4th Cir. 1973); *Mickel v. South Carolina State Employment Service*, 377 F.2d 239 (4th Cir. 1967). The other circuit courts split on the nature of the ADEA filing period.[1]

The court declines to decide the abstract issue, for, assuming arguendo the more flexible view of the 180-day period, plaintiff simply fits none of the factual situations justifying relaxation of the time limits. There is no allegation that he was misled by the Department of Labor or by his employer, or that he was uncounseled. That an attorney may have negligently missed a deadline has historically been an inadequate reason for equitably excusing an untimely filing. On the facts of this case, plaintiff must prove the giving of sufficient notice within 180 days of February 7, 1975.

*Sufficiency of Oral Notice*

Defendant's motion to dismiss converts to a summary judgment motion when

---

1. Period is jurisdictional: *see Ott v. Midland-Ross Corporation*, 523 F.2d 1367 (6th Cir. 1975); *Powell v. Southwestern Bell Telephone Company*, 494 F.2d 485 (5th Cir. 1974). Contra: *see Dartt v. Shell Oil Company*, 539 F.2d 1256 (10th Cir. 1976); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3rd Cir. 1977).

matters outside the pleadings are relied upon, and there is a disputed question of material fact created by the various filings as to the content of the July 24, 1975 conversation between plaintiff's original counsel and the Department of Labor. The dispute cannot be resolved on the basis of the current record.

At the next appropriate opportunity on the calendar, the case will be set for trial solely on the issue of whether plaintiff gave sufficient oral notice of intent to sue to maintain jurisdiction in this court. If plaintiff establishes this fact by a preponderance of competent evidence, the case will be thereafter pre-tried and tried on the merits. Ruling on defendant's motion to strike plaintiff's prayer for pain and suffering damages is reserved until the jurisdictional issue is settled.

SO ORDERED.