

Samuel M. Millette, DeLaney, Millette, DeArmon & McKnight, P.A., Charlotte, N. C., for plaintiff.

Hugh B. Campbell, Jr., Weinstein, Sturges, Odom, Bigger, Jonas & Campbell, P.A., Charlotte, N. C., for defendant.

## Colombo A. SPAGNUOLO, Plaintiff,

v.

## WHIRLPOOL CORPORATION, Defendant.

### No. C–C–78–107.

United States District Court, W. D. North Carolina, Charlotte Division.

March 12, 1979.

### ORDER

McMILLAN, District Judge.

Plaintiff, Colombo A. Spagnuolo, brings this action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, and the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, alleging that he was demoted to a position of lesser responsibility because of his age. He seeks reinstatement to his former position with defendant, and damages based on lost wages and benefits.

Plaintiff was employed continuously by the defendant from 1954 to 1978. In 1971, he was appointed to the position of Builder and Contract Sales Manager of the defendant's Charlotte Sales Division. On or about November 9, 1977, plaintiff was demoted to Builder Territory Manager for a segment of northwestern North Carolina. Plaintiff resigned on January 4, 1978. This action was filed on March 31, 1978, after compliance with the requirement of notice to the Secretary of Labor under 29 U.S.C. § 626(d).

The defendant filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant contends that under 29 U.S.C. § 633(b), recourse by plaintiff to the North Carolina Human Relations Council is a jurisdictional prerequisite to filing a suit in federal court under the ADEA, and that plaintiff has not taken the matter up with the Human Relations Council. Section 633(b) provides in pertinent part:

"(b) In the case of an alleged unlawful practice occurring in *a State which has a law prohibiting discrimination in employment because of age* and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: . . ." (Emphasis added.)

The defendant contends that North Carolina has "a law prohibiting discrimination in employment because of age," N.C.G.S. § 143–422.1 *et seq.,* and also has a state agency to "seek relief" for victims of age discrimination, the Human Relations Council of the Department of Administration. The North Carolina statute which the defendant contends is a "law prohibiting discrimination" is the Equal Employment Practices Act, which provides *in full*:

"§ 143–422.1. Short title.—This Article shall be known and may be cited as the Equal Employment Practices Act.

"§ 143–422.2. Legislative declaration. —It is the *public policy* of this State *to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account* of race, religion, color, national origin, *age,* sex or handicap by employers which regularly employ 15 or more employees. [Emphasis added.]

"It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment foments domestic strife and unrest, de-prives the State of the fullest utilization of its capacities for advancement and development, and substantially and adversely affects the interests of employees, employers, and the public in general.

"§ 143–422.3. Investigations; conciliations.—The Human Relations Council in the Department of Administration shall have the authority to receive charges of discrimination from the Equal Employment Opportunity Commission pursuant to an agreement under Section 709(b) of Public Law 88–352, as amended by Public Law 92–261, and investigate and conciliate charges of discrimination. Throughout this process, the agency shall use its good offices to effect an amicable resolution of the charges of discrimination."

This statute does not *prohibit* discrimination within the meaning of § 633(b), it merely declares that such discrimination is against the "public policy" of North Carolina. Similarly, the North Carolina Human Relations Council is not a "State authority established or authorized to grant or seek relief from such discriminatory practice" within the meaning of § 633(b). The Council has the following powers and duties as specified in N.C.G.S. § 143B–391:

"§ 143B–391. North Carolina Human Relations Council—creation; powers and duties.—There is hereby created the North Carolina Human Relations Council of the Department of Administration. The North Carolina Human Relations Council shall have the following functions and duties:

(1) To study problems concerning human relations;

(2) To promote equality of opportunity for all citizens;

(3) To promote understanding, respect, and goodwill among all citizens;

(4) To provide channels of communication among the races;

(5) To encourage the employment of qualified people without regard to race;

(6) To encourage youths to become better trained and qualified for employment;

(7) To receive on behalf of the Department of Administration and to recommend expenditure of gifts and grants from public and private donors;

(8) To enlist the cooperation and assistance of all State and local government officials in the attainment of the objectives of the Council;

(9) To assist local good neighborhood councils and biracial human relations committees in promoting activities related to the functions of the Council enumerated above; and

(10) To advise the Secretary of Administration upon any matter the Secretary may refer to it."

The specified duties make no reference to employment practices based on age. This is not a sufficient showing of state concern in the area of age discrimination to support deferral to the state agency. *Curry v. Continental Airlines,* 513 F.2d 691, 694 (9th Cir. 1975). There are rational arguments for deferral to state or federal agencies where they have genuine authority to grant or seek relief. But as stated by Judge Garth of the Third Circuit:

"Even recognizing these arguments as well as the other advantages which may be attributed to a prior resort procedure, we are nevertheless mindful that the ADEA is remedial legislation and is entitled to be liberally construed. [Citations omitted.] As such in the absence of congressional expression, we should be chary about creating unnecessary procedural bars which may, at the outset, require the dismissal of otherwise meritorious age discrimination claims. Moreover, *it seems anomalous to us that deference must be accorded to state agency procedures when it is a federal right that is sought to be vindicated.* Indeed, it should not be overlooked that whatever might be said in favor of requiring the initiation of procedures before a state agency, section 633(a) by its terms has always permitted total disruption of state proceedings (once sixty days have passed), by requiring that a federal suit supersede any state action. [Emphasis added.]

"On balance therefore we do not hesitate to conclude that the ADEA's purposes would be frustrated rather than fulfilled if we were to perpetuate a procedural requirement which in many instances would prevent an otherwise meritorious age discrimination claim from being considered."

*Holliday v. Ketchum, MacLeod & Grove, Inc.,* 584 F.2d 1221, 1229–30 (3rd Cir. 1978), (In Banc). The Third Circuit, in *Holliday,* reversed its earlier decision in *Goger v. H. K. Porter Co., Inc.,* 492 F.2d 13 (3rd Cir. 1974), and held "that no prior resort to state agency procedures is required as a precondition to commencing a federal action charging age discrimination under ADEA." 584 F.2d at 1230.

While this court agrees with the reasoning and decision in *Holliday,* the *Holliday* issue need not be decided in this case, since North Carolina is not a deferral state within the meaning of § 633(b).

IT IS THEREFORE ORDERED that defendant's motion to dismiss be, and it hereby is, denied.