**James Davis KINCAID, Plaintiff,**

v.

**ROADWAY EXPRESS, INC., Defendant.**

**No. 79–0042–CIV–8.**

United States District Court,
E. D. North Carolina,
Wilson Division.

Nov. 20, 1979.

---

Henson P. Barnes, Barnes, Braswell & Haithcock, Goldsboro, N. C., for plaintiff.

Jack F. Canady, Jack E. Thornton, Jr., Blackwell, Blackwell, Canady & Eller, Winston-Salem, N. C., for defendant.

## ORDER

DUPREE, Chief Judge.

Plaintiff James Davis Kincaid brings this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq.*, alleging that he was fired on July 26, 1978 by the defendant from his position as manager of the Roadway terminal in Goldsboro, North Carolina, solely because of his age. Upon Roadway's filing of a motion to dismiss, the court referred the matter to United States Magistrate Charles K. McCotter, Jr. The Magistrate has recommended that the motion to dismiss be granted. The plaintiff has since filed appropriate objections. The objections to the Magistrate's findings present the issues of (1) whether North Carolina is a "deferral" state contemplated by the ADEA so that the plaintiff would have 300 days after discharge to file a "notice-of-intent-to-sue" letter with the state authorities prior to bringing a civil action, and (2) whether plaintiff's remedy is exclusively federal so that he had only 180 days from the date of discharge to file the "notice-of-intent-to-sue" letter with the Secretary of Labor and (3) if so, whether the 180-day period is a jurisdictional requirement that cannot be equitably tolled.

The following material facts appear from the complaint, which are taken as true for purposes of this motion to dismiss. James Kincaid at age 53 had accumulated roughly

20 years of service with Roadway Express. In July of 1978 he was working as a terminal manager in Goldsboro, North Carolina. Notwithstanding Kincaid's record of outstanding service with Roadway, the trucking line fired him solely because of his age. Roadway apparently desired to employ a person younger than Kincaid. The plaintiff was unimpaired by his age in terms of his physical condition and ability to perform his job. On April 24, 1979 (272 days later), Kincaid filed a notice of intent to sue Roadway with the United States Secretary of Labor and the North Carolina Human Relations Council. The North Carolina authorities later informed Kincaid on May 16, 1979 that they could no longer go forward with conciliation efforts because Roadway was a foreign corporation not within the Council's jurisdiction. Kincaid then immediately filed this action alleging violation of the ADEA.

Defendant argues that Kincaid did not timely comply with the filing provisions within Section 626(d) of the ADEA:

"(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

"(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

"(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

"Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(d).

Simply put, the ADEA requires that a worker who believes he has been fired solely because of his age must file with the Secretary of Labor a notice of his intent to sue his former employer within 180 days after the discharge. Alternatively, the worker can wait up to 300 days to file the notice if he pursues remedies provided to him by state authorities. Whether Congress in enacting the ADEA has deferred to state authorities depends on whether or not the state "has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice." 29 U.S.C. § 633(b).

Roadway contends that Kincaid failed to comply with the ADEA procedures in two respects. First, Kincaid attempted to pursue nonexistent state remedies. Secondly, he thereby failed to meet the federal 180-day deadline.

The court agrees with the Magistrate's conclusion that Kincaid erroneously pursued a state remedy. North Carolina has not established a state agency authorized to grant or seek relief from age discrimination practices, as contemplated by 29 U.S.C. § 633(b). *Spagnuolo v. Whirlpool Corporation*, 467 F.Supp. 364 (W.D.N.C., 1979) (McMillan, J.). Therefore, Kincaid only had 180 days, instead of 300, in order to file the appropriate notice with the Secretary of Labor. Unfortunately for Kincaid, the notice was filed 272 days after the discharge. Finding that the 180-day filing requirement is jurisdictional instead of merely a condition precedent, the Magistrate recommended that the action be dismissed for lack of subject matter jurisdiction due to the late filing.

The jurisdiction-condition precedent distinction is abstract, but critical. If the filing requirement is jurisdictional, it is absolute and subject to no exceptions. If, however, the requirement is merely a condition precedent (like a statute of limitations) it is subject to equitable tolling considerations. The Magistrate found the requirement to be jurisdictional.

This court agrees that the action must be dismissed, but does so on the grounds that sufficient equitable considerations are not present to toll the 180-day limit should it be construed as a statute of limitations. Thus, the court need not decide whether the 180-day limit is jurisdictional or a condition precedent,[1] for under either construction plaintiff cannot prevail. *E. g., see Noto v. JFD Electronics Corporation*, 446 F.Supp. 92 (E.D.N.C., 1978).

▮ Kincaid argues that the 180-day time limit should be tolled because he was operating in good faith under the erroneous impression that he had a state remedy with a longer filing requirement. In effect, Kincaid contends that his mistake of law is a sufficient equitable factor that would toll the 180-day period. However, neither mistake of law, *Paschal v. North Atlantic & Gulf S. S. Company*, 95 F.Supp. 293 (S.D. N.Y., 1950), nor the failure to seek legal advice, *Howard v. Sun Oil Company*, 404 F.2d 596 (5th Cir. 1968), tolls a statute of limitations. Given that Kincaid has failed to allege a legally sufficient equitable tolling factor, his late filing precludes relief. Accordingly, defendant's motion to dismiss is granted.

The action is dismissed.

---

1. The court notes that the earlier circuit court authorities hold that the 180-day time period is jurisdictional. *E. g., Ott v. Midland-Ross Corporation*, 523 F.2d 1367 (6th Cir. 1975); *Powell v. Southwestern Bell Telephone Company*, 494 F.2d 485 (5th Cir. 1974). However, recent circuit cases reviewed by the Supreme Court hold that the period is a statute of limitations subject to equitable tolling. *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3rd Cir., Jan. 26, 1978), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); *Dartt v. Shell Oil Company*, 539 F.2d 1256 (10th Cir. 1976), *aff'd per curiam without opinion by equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), *reh. denied*, 434 U.S. 1042, 98 S.Ct. 785, 54 L.Ed.2d 792 (1978).